**STILLWELL et al. v. JOHNSON.**
No. 36110.

Supreme Court of Oklahoma.
June 15, 1954.

Grigsby, Foliart & Hunt, Oklahoma City, for plaintiffs in error.

Walt Allen, Sam M. Williams, Chickasha, for defendant in error.

HALLEY, Chief Justice.

This is an appeal from an order of the District Court of Grady County granting a new trial. Paul Johnson, Jr., sued Audrey Odell Stillwell and wife to recover damages in the sum of $49,140 for personal injuries suffered in an automobile collision. The jury returned a unanimous verdict for defendant. The parties will be referred to as they appeared in the trial court.

The plaintiff filed a motion for new trial based principally upon the misconduct, bias and prejudice of the juror, Herman Stanla, which was discovered by the plaintiff after the verdict had been returned.

Plaintiff alleged as his first ground for a new trial that on voir dire examination plaintiff's attorney " * * * asked all members of the jury, including Herman Stanla, if they had ever been involved as a party in a lawsuit involving an automobile collision, either as plaintiff or defendant, or if they were at the present time a party to any such lawsuit."

That in response to such question the juror, Herman Stanla, answered "no", and also "no" when counsel for the defendants asked the same question of each individual juror.

It was then alleged that the juror, Herman Stanla, was a party defendant in case No. 22,559, then pending in the District Court of Grady County, styled Fullerton v. Terrill, et al., which was an action for damages resulting from an automobile collision, and further alleged that the juror, Herman Stanla, was biased and prejudiced against the plaintiff in the present action and prevented the plaintiff from having a fair and impartial trial, resulting in a mistrial and rendering the verdict and judgment rendered erroneous.

Plaintiff's motion for a new trial was supported by affidavits by Walt Allen, an attorney for plaintiff, Elsie Stuckwich, court clerk of Grady County and C. D. Van Dyck, Jr., attorney for the plaintiff in case No. 22,559, above mentioned, which was an action for damages growing out of an automobile collision. Two additional grounds for a new trial were stated but it was stipulated that this appeal was based upon that stated in paragraph one of the motion, which is stated above.

The defendants filed a response to plaintiff's motion for a new trial and denied that the juror, Herman Stanla, had wrongfully concealed the fact that he had been and was then a party in a lawsuit involving an automobile collision, either as plaintiff or defendant, and denied that he was prejudiced or biased against the plaintiff and denied that the plaintiff was denied a fair and impartial trial by an impartial jury or that there was a mistrial.

The juror did not deny that he had been and was then a party defendant in a lawsuit involving an automobile collision, then pending in the same court in which the present action was being tried, being case No. 22,559, Fullerton v. Terrill, et al. In an effort to explain his admitted erroneous answers on voir dire examination in the present action, he alleged that case No. 22,559 was filed in the District Court of Grady County in January 1951, and that on May 15, 1952, an amended petition was filed by the plaintiff in that case making Herman and Jonah Stanla parties defendant and alleging that the Stanlas were burning grass and weeds along the hard surfaced highway, creating smoke which floated over and across the road and obscured the vision of drivers of cars thereon. That the Stanlas were guilty of negligence and judgment was prayed against them for the sum there set out.

The juror stated that in answering questions on voir dire examination in the present action he felt that since he neither owned nor operated either vehicle involved in case No. 22,559, he was not in any way involved in that action as to the collision and supposed that the suit had been dismissed since five months had elapsed since he had been served with summons and he had heard nothing further about it. He stated that he would have answered "yes" to the questions asked on his voir dire examination had he known the real status of case No. 22,559, in which the allegations against the juror were as follows:

"That at the same time and place the defendants, Herman Stanla and Jonah Stanla were burning grass and weeds immediately adjacent to the north side of the hard surfaced roadway on the highway right-of-way thereby causing smoke to cover the highway in complete disregard of the safety and rights of persons travelling said highway. That the said Herman Stanla and Jonah Stanla gave no warning or directions to travelers on the highway of the dangerous condition they had created."

"That they failed and neglected to warn motorists travelling the highway of the dangerous condition created by them from the smoke and fire."

When the trial court granted a new trial he was asked for his reasons for the order and gave the following reasons:

"The record shows on voir dire examination that one of the jurors was asked by the attorney for the plaintiff if he had had an automobile accident or if he was interested in any litigation involving an automobile accident, and he

answered he was not, and that upon investigation after the verdict the evidence disclosed that the juror was involved in a similar litigation and that he was a party defendant therein, and that by the false answer of the juror on voir dire examination did not give the attorney for the plaintiff an opportunity to pursue the line of questioning as to the effect of the pending litigation upon the juror, or to ascertain whether or not he was biased or prejudiced, or the right to exercise a peremptory challenge to take the juror from the box."

The foregoing reasons were incorporated in the journal entry of the order granting a new trial but it was stipulated that no evidence adduced at the trial be incorporated in the case-made and that the court granted a new trial for the reasons above set out and covering only the misconduct of the juror, Herman Stanla.

The stipulation further provides that the case-made on appeal to this Court should contain only the pleadings, motion for a new trial, response thereto, and affidavits in support thereof, journal entry and clerk's minutes. It expressly provided that no evidence adduced by either party at the trial on the merits or exhibits in support thereof should appear in the case-made.

Section 651, 12 O.S.1951, sets out nine grounds for a new trial. The first and second are as follows:

"First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial.

"Second. Misconduct of the jury or prevailing party."

A timely request was made to the trial court for his reasons for granting motion for new trial and he gave them as above set out. Under such facts and the stipulation mentioned, we need consider only the single ground set out in the order of the court sustaining the motion and granting plaintiff a new trial. In the case of Keystone Pipe & Supply Company v. Crabtree, 169 Okl. 20, 35 P.2d 875, this Court announced the general rules relative to the duty and authority of the trial court in passing upon motions for a new trial in the first and second paragraphs of the syllabus as follows:

"The trial court is not required to state the specific grounds for the overruling or sustaining of a motion for new trial, unless timely requested to do so. Such a request is reasonable, and the trial court should comply therewith for the purpose of restricting the issues on error before this court. See Billy v. Le Flore County Gas & Electric Co., 166 Okl. 130, 26 P.2d 149; City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462.

"The trial court has a very large and extended discretion in granting a new trial, and a new trial should be granted whenever in the opinion of the trial court the defeated party has not in all probability had a reasonably fair trial, or received substantial justice. Ten Cate v. Sharp, 8 Okl. 300, 57 P. 645."

In the more recent opinion in the case of Hildebrand v. Harrison, Okl., 263 P.2d 174, handed down in 1953, this Court quoted from the Keystone case, supra, and the same rules have been announced and approved in numerous decisions of this Court.

The only question before us is whether the court erred in some question of law, but for which its decision would have been otherwise, or abused its discretion by acting capriciously or arbitrarily.

We cannot conclude that the court erred upon any pure question of law. A trial court is in a much better position to appraise the fairness of proceedings before it than can be gathered from a review of the record by an appellate court. The position of the trial court as a fair and impartial arbiter and referee of the issues presented by the contending parties is unique and for that reason he is given the wide discretion announced above.

Here the only reasons stated by the court for granting a new trial concern the misconduct of a single juror in inaccurately answering questions on his voir dire examination. It does not appear that his answers were intentionally false but he ad-

mitted that they were incorrect. In any event he naturally deprived the plaintiff of further inquiry as to the attitude of the prospective juror toward those who prosecute damage suits arising from automobile collisions. The juror could have been prejudiced against one who instigates such an action.

 We think the correct rule is announced in Kerby v. Hiesterman, 162 Kan. 490, 178 P.2d 194, 195, by the Supreme Court of Kansas in the third paragraph of the syllabus when it said:

"When a prospective juror, on voir dire examination, gives a false or deceptive answer to a question pertaining to his qualifications with the result that counsel is deprived of further opportunity to determine whether the juror is impartial, and the juror is accepted, a party deceived thereby is entitled to a new trial even if the juror's possible prejudice is not shown to have caused an unjust verdict."

In Drury v. Franke, 247 Ky. 758, 57 S.W. 2d 969, 985, 88 A.L.R. 917, the Supreme Court of Kentucky had before it a state of facts very similar to the one before us. The prospective juror was asked on voir dire examination if he had been involved in an automobile collision action or if there was then pending by or against him litigation growing out of an automobile collision. The prospective juror answered "no". He was chosen as a juror and after the verdict was returned it was discovered that he had been so involved and that a claim was then pending against him but no suit had yet been filed. In the body of the opinion the court said:

"* * * the fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of the informant; while willful falsehood may intensify the wrong done, it is not essential to constitute the wrong; that the injury is brought about by falsehood, regardless of its dishonesty, and the effect of the information is misleading, rather than a purpose to give misleading information is the gist of the injury; when the fact appears that false information was given, and that it was relied upon, the right to a new trial follows as a matter of law."

 We find no clear abuse of discretion by the trial court and the judgment granting plaintiff a new trial is affirmed.

JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, J., dissents.