**KANSAS CITY SOUTHERN RAILWAY COMPANY, a corporation, Plaintiff in Error,**

v.

**R. E. BLACK, Defendant in Error.**

**No. 40532.**

Supreme Court of Oklahoma.

Sept. 15, 1964.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error.

Varner & Miller, Poteau, for defendant in error.

HALLEY, Vice Chief Justice.

Parties will be referred to as in the trial court.

The plaintiff was employed as a brakeman by the defendant and claims he was injured on three separate occasions. He sets out three causes of action. The first was brought pursuant to Title 45 U.S.C.A. § 51.

The second cause of action alleged the defendant violated Title 45 U.S.C.A. § 11, which is the Safety Appliance Act. The third cause of action set up the violation by the defendant of Title 45 U.S.C.A. § 2, of the Safety Appliance Act.

In our opinion the plaintiff's allegations in his petition and his proof are sufficient to make a case on each cause of action.

The verdict and judgment was for the plaintiff and could be sustained except for misconduct of certain jurors on the voir dire examination—failing to answer questions asked of them by the counsel for the defendant.

The defendant has raised five propositions for reversal of this case. We will direct our attention to the first two propositions which have to do with the jurors alleged misconduct on their voir dire examination and also as to the incident of one of the jurors giving a note to the bailiff to be given to one of the lawyers for the plaintiff.

The plaintiff's last three propositions have to do with the instructions on the third cause of action and the use of the blackboard in the closing argument of plaintiff.

We are of the opinion that the failure of the jurors selected in this case to answer questions of them on their voir dire examination deprived the defendant of a fair trial. The voir dire examination was not taken by the court reporter but the examination conducted after the trial revealed that one of the jurors wrote a note to one of the counsel for plaintiff, is sufficient in our opinion to show that three jurors did not give full and frank answers to all questions that were asked of them.

Juror Virgil Crase, who was foreman of the jury, was called as a witness on the motion for new trial. He was a former employee of the defendant and had been released from its service under circumstances that were not calculated to leave a good feel-

ing between Crase and the defendant. He had a back injury which he claimed he incurred while working for the defendant and had consulted a lawyer in regard to filing a suit against the defendant. He did not disclose these facts to the court and counsel on his voir dire although questions put to the jury as a group and to him as an individual were plain enough that he should have revealed the fact that he thought he had a claim against the defendant.

■ Although we regard his, Crase's, attempt to communicate with counsel for plaintiff as improper but under the circumstances possibly was harmless. However, counsel for defendant should have been made aware of the note incident immediately.

We, too, think that questions asked juror Tomlin on voir dire were sufficient to have required him to say that he was related by marriage to the plaintiff.

We also think that juror Triplett should have revealed to the court and counsel on her voir dire examination that her son had been involved in a serious accident on a construction job and had recovered damages for it.

■ Misconduct of the jury is grounds for new trial. 12 O.S.1961 § 651, subd. 2. We are aware of the fact that the trial court refused to grant a new trial on the showing made by defendant. Juror Crase testified at the hearing on the motion for new trial in part as follows:

"Q. I ask you, sir, if you recall my questioning the jury as to whether or not any of the jurors ever had any injuries or personal injury claims or any lawsuits had against anyone?

"A. Now, wait a minute. I didn't quite get all of that.

"Q. Do you recall whether I asked the jury whether or not they had had any back injuries involving claims or a lawsuit?

"MR. RATNER: If The Court, Please, I am going to object to that, as to

whether he asked the jury the general question or whether he asked that question to some or all of the jury?

"Q. Did you hear that queestion asked to the jury? Mr. Crase?

"A. To the jury or to me?

"Q. To the jury first?

"A. Yes, I heard it.

"Q. Did you hear the question asked to you?

"A. No, sir.

"Q. Did you hear the question asked— whether there was any member of the jury that would have anything different to offer from the answers given by the other members of the jury?

"A. Yes—to the jurors.

"Q. And now, do you recall, Mr. Crase, where a juror was sitting on the right front seat—a juror by the name of Weatherford—that he had discussed and had admitted that he had had a back injury and he was excused and another juror by the name of Nobles took his place?

"A. I believe so. Yes, sir.

"Q. Do you recall, sir, that the plaintiff's attorney's argument, which is of record, made the statement that the attorney for the defendant had seen fit to get all the jurors off of there that had had injuries—back injuries before? And that I stood up and objected to that because I stated there were one or two more that still had back complaints?

"MR. MILLER: I didn't say all the jurors. I simply tied it down to two. I object to that question.

"MR. JOHNSON: I think the record will speak for itself.

"Q. Do you recall whether we kinda batted that back and forth, about me excusing the people off the jury with back injuries?

"A. As far as I can remember.

"Q. You remember that?

"A. Yes.

"Q. All right. Now, may I ask you, Mr. Crase, whether or not you have ever had a back injury?

"A. Sir?

"Q. May I ask you, sir, whether or not you have ever had a back injury?

"A. Yes.

"Q. And may I ask you, sir, whether that back injury caused you to be off from work?

"A. Yes."

In view of the foregoing testimony it was an abuse of discretion not to grant a new trial. See Stillwell v. Johnson, Okl., 272 P. 2d 365; Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917; 66 C.J.S. New Trial § 22, p. 115.

Here the juror failed to answer questions put to the jury as a whole when he could not but know that it was intended for him and if he had answered the question he might have been removed for cause or certainly by the exercise of a peremptory challenge.

■ The defendant challenged the correctness of twenty-four of the thirty instructions given at the trial. We have studied these instructions and find no reversible error in them. However, we do not find any evidence that justifies the giving of Instruction 15, which is:

"You are instructed that plaintiff had the right to rely on the continued observance by the defendant of such methods of work and precautions as he has been accustomed to follow and observe even though they were not required by the printed rules of the defendant."

This point is fully discussed in 56 C.J.S. Master and Servant § 267 at p. 1032.

In Instruction 17, which is:

"You are instructed that with respect to plaintiff's second cause of action, the preceding sections of the Safety Appliance Acts impose upon the defendant the absolute duty to equip its train with efficient hand brakes.

"There are two recognized methods of showing the inefficiency of such hand brake equipment. Evidence may be adduced to establish some particular defect, or the same inefficiency may be established by showing a failure to function when operated with due care in the normal, natural and usual manner.

"Proof of an actual break or visible defect in defendant's train's hand brake system is not a prerequisite to a finding that the statute has been violated. The test in fact is the performance, producing properly a desired effect. Inefficient means not producing or not capable of producing the desired effect, incapable, incompetent, inadequate. The foregoing statutory liability is not based upon the defendant's negligence. The duty imposed is an absolute one, and the defendant is not excused by a showing of care.",

the term "absolute duty" is used as well as the statement "that the duty imposed is an 'absolute one'". This overemphasizes the defendant's duty and should have been deleted.

■ As to the use of the blackboard by plaintiff's counsel in the closing argument we find no error under Missouri-Kansas-Texas Railroad Company v. Jones, Okl., 354 P.2d 415.

We are of the view that a culmination of circumstances in the trial of this cause prevented the defendant from having a fair trial and this case is reversed for a new trial.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS and BERRY, JJ., concur.

DAVISON, JACKSON and IRWIN, JJ., concur in result.