**DOMINION BANK OF MIDDLE TENNESSEE, a Tennessee banking corporation, Appellee,**

v.

**Bonnie MASTERSON, Appellant.**

**No. 82146.**

Supreme Court of Oklahoma.

Sept. 17, 1996.

Rehearing Denied Dec. 19, 1996.

---

Steven M. Harris, Douglas R. Haughey, Doyle & Harris, Tulsa, Phil Frazier, Frazier, Smith & Phillips, Tulsa, for Appellant.

Benjamin C. Faulkner, Tulsa, Dan A. Rogers, Jones, Givens, Gotcher & Bogan, Tulsa, for Appellee.

SIMMS, Justice:

Defendant/counter-plaintiff below, Bonnie Masterson appeals the order of the trial court refusing to grant a new trial after discovering that the jury foreman gave untruthful answers during *voir dire* examination. The Court of Appeals affirmed, and certiorari was granted to determine whether the trial court abused its discretion in failing to a grant a new trial. We find Masterson was entitled to a new trial and therefore the opinion of the Court of Appeals is vacated, the order of the district court is reversed, and this matter is remanded for a new trial. The relevant facts follow.

Masterson and another person not a party to this appeal opened a Partnership Bank Account at Dominion Bank of Middle Tennessee (Bank), appellee. Due to a judgment by a Tennessee court, Masterson's right to funds in the partnership account was terminated. However, pursuant to Masterson's request, Bank transferred funds from the partnership account to Masterson's private account at another bank in Oklahoma. Upon discovering Masterson was not entitled to the money, Bank brought this action alleging conversion by Masterson. Masterson countersued for slander, intentional infliction of emotional distress and interference with business. The controversy before this Court

stems from the *voir dire* examination conducted before the trial.

During *voir dire*, the trial court asked each prospective juror if they knew any of the parties or lawyers involved in the case. All of the prospective jurors, including Michael Sager, indicated that they knew neither the parties nor the attorneys. Counsel for Bank asked the jurors if they had ever been a party to a lawsuit. Three jurors, including Mr. Sager, raised their hands. Upon further questioning, Mr. Sager indicated that he had been a party to one lawsuit which involved an easement dispute. Based upon his answers, neither party apparently deemed any further questioning of Mr. Sager was necessary. Mr. Sager was later elected jury foreman by his peers.

The jury trial ended with a verdict for Bank on the conversion claim for the amount of $14,200.00 actual damages and $1.00 punitive damages. The jury also found for Masterson on her slander claim but awarded no actual damages and $1.00 in punitive damages. After the trial was over, counsel for Masterson discovered that Mr. Sager, the jury foreman, had actually been a party to twenty-one (21) lawsuits *including one in which Masterson's counsel was the attorney for record for the plaintiff which received a judgment against Mr. Sager.* The entire balance of the judgment was collected via a garnishment of Mr. Sager's bank account.

In addition, Masterson had hired a jury selection consultant to assist in the selection of the jury for the trial. Upon learning of Mr. Sager's involvement in other lawsuits besides the admitted easement dispute, the expert stated under oath that he would have recommended Mr. Sager be stricken from the jury panel. He further opined that "there was a substantial risk that Mr. Sager could have or did influence the other jurors in a negative direction" during deliberations.

Masterson filed a motion for new trial contending she was denied a fair trial due to Mr. Sager's false answers. The trial court denied the new trial motion.

■ We need not determine whether the juror was biased against Masterson nor whether he had some influence upon the other jurors. It is enough that Masterson was deprived of an opportunity to delve deeper into Mr. Sager's qualifications during *voir dire,* and under Oklahoma case law, is entitled to a new trial.

In *Stillwell v. Johnson,* 272 P.2d 365 (Okla. 1954), we affirmed the trial court's grant of new trial where a juror had given false information about being a party in legal actions. The case involved an automobile accident, and the jurors were asked whether they had ever been a party in a lawsuit involving an automobile accident. One juror, Mr. Stanla, answered that he had not but it was later discovered that he was a defendant in a lawsuit pending at the time in the same district court. After the jury returned a unanimous verdict for the defendant, the plaintiff, Johnson, moved for new trial on the basis that the juror had answered falsely on *voir dire.*

The juror noted that he did not intentionally try to deceive the court but was mistaken about the lawsuit in which he had been served a summons. He explained that he did not own or operate either of the vehicles which were involved in the lawsuit. Rather, he was sued because he had been burning grass which caused smoke to cross the highway where the accident occurred allegedly obscuring the vision of drivers. He also believed the action was dismissed because he had heard or received nothing in the five months following service of summons.

Despite the fact that no intentional deceit was practiced by the juror, the trial court granted a new trial because the false answer deprived the plaintiff's attorney of the opportunity to pursue a line of questioning regarding the effect of the pending litigation upon the juror's ability to hear the case without bias or prejudice. In affirming the trial court's decision, we held:

" 'When a prospective juror, on voir dire examination, gives a false or deceptive answer to a question pertaining to his qualifications with the result that counsel is deprived of further opportunity to determine whether the juror is impartial, and the juror is accepted, a party deceived thereby is entitled to a new trial even if the juror's possible prejudice is not shown to have

caused an unjust verdict.'" 272 P.2d at 368 (quoting *Kerby v. Hiesterman,* 162 Kan. 490, 178 P.2d 194, 195 (1947)).

We further quoted from *Drury v. Franke,* 247 Ky. 758, 57 S.W.2d 969, 985 (1933) that "'the fact that the false information was unintentional, and that there was no bad faith, does not affect the question, as the harm lies in the falsity of the information, regardless of the knowledge of its falsity on the part of the informant; while willful falsehood may intensify the wrong done, it is not essential to constitute the wrong; ... when the fact appears that false information was given, and that it was relied upon, the right to a new trial follows as a matter of law.'"

In addition, in *Kansas City Southern Ry. Co. v. Black,* 395 P.2d 416 (Okla.1964), the trial court refused to grant new trial where three jurors had concealed pertinent information concerning their ability to be impartial jurors. The case involved injuries to a worker, and one juror failed to disclose that her son had been hurt in a work-related accident and had recovered damages for his injuries. Another juror neglected to mention that he was related by marriage to the plaintiff. The third failed to note that he had been released from services with the defendant after sustaining a work-related injury. As a group the jurors were asked questions relating to these facts. Each of the jurors in question failed to disclose the pertinent information when they clearly should have known that the questions were intended for them to answer as well as the rest of the jurors. We held the trial court abused its discretion in refusing to grant a new trial under these circumstances.

Consequently, the juror's failure to provide complete and accurate information as to his involvement in litigation deprived Masterson of the opportunity to question him further about the effect of the previous twenty-one (21) lawsuits. It further deprived Masterson of the opportunity to determine whether the juror could impartially consider the case. Where, as here, the juror has had judgments entered against him and garnishment proceedings instituted by counsel of one of the parties to the case he is to hear, it is espe-cially important that the juror's bias or partiality be determined.

Masterson need not prove that the jury's verdict was unjust or the product of prejudice or bias. It is enough that the need to further question the juror on his qualifications was concealed whether intentionally or not.

A trial court is vested with broad legal discretion in granting or denying new trial, and unless it clearly appears that the trial court erred in some pure simple question of law or acted arbitrarily, its judgment will not be disturbed on appeal. *Poteete v. MFA Mut.Ins. Co.,* 527 P.2d 18 (Okla.1974). However, a much stronger showing of error or abuse of discretion must be made to reverse when the trial court grants a new trial than if the party was appealing from a refusal to grant new trial, *Fitts v. Standard Life & Acc. Ins. Co.,* 522 P.2d 1040 (Okla.1974), and an order of the trial court will be reversed where the Supreme Court determines the trial court acted arbitrarily, clearly abused its discretion, or erred on some pure, unmixed question of law in granting or denying new trial. *Lindsay v. Sikes,* 483 P.2d 1141 (Okla.1971).

Due to the juror's concealment, whether intentional or accidental, of information pertinent to his prejudice or bias, Masterson was entitled to a new trial. The trial court abused its discretion in refusing to grant a new trial. *Parrish v. Lilly,* 883 P.2d 158 (Okla.1993); *Lindsay, supra.* Because we find Masterson was entitled to a new trial we need not address issues relating to the verdict.

For the above and foregoing reasons, the order of the district court is REVERSED and the case is REMANDED for new trial.

WILSON, C.J., KAUGER, V.C.J., and HODGES, OPALA, SUMMERS and WATT, JJ., concur.

LAVENDER and HARGRAVE, JJ., dissent.