2007 OK 10

**Joy NEUMANN, surviving spouse of Robert Neumann, deceased, Plaintiff/Appellee,**

v.

**D.L. ARROWSMITH, D.O., and Radiological Services, Inc., Defendant/Appellants,**

and

**Jane Phillips Medical Center, Defendant.**

Nos. 101,650, 101,684.

Supreme Court of Oklahoma.

Feb. 27, 2007.

Rehearing Denied June 26, 2007.

Anthony M. Laizure, Scott Allen, Tulsa, OK, for Appellee.

Brian J. Goree, Douglas E. Stall, Tulsa, OK, for Appellants Arrowsmith, and Radiological Services.

KAUGER, J.

¶1 The issues presented are: 1) whether, under the facts presented, the motion for new trial filed eleven days after the judgment was filed was timely; and 2) if so, whether the trial court abused its discretion in granting a new trial. We hold that under the facts presented, the motion for new trial was the functional equivalent of a timely motion to vacate and the trial court did not abuse its discretion vacating its judgment and granting a new trial.[1]

## FACTS

¶2 On April 9, 1999, Robert Neumann (Neumann) went to Dr. Gerald Reed, D.O., for a routine physical examination to establish a relationship with Dr. Reed (physician) as a primary care physician. During the examination, the physician ordered x-rays. The appellant, Dr. Arrowsmith, D.O. (doctor), examined the chest x-rays, but made no recommendations for treatment or for further testing. Six months later, on November 11, 1999, Neumann was in an automobile accident, and an x-ray taken incident to the accident indicated that Neumann had a 2.5 cm tumor on his left lung. In December of 1999, Neumann was advised that the cancer had spread to his brain. Neumann died on March 11, 2001.

¶3 On November 14, 2001, the appellee, Neumann's wife, Joy Neumann (wife), commenced an action for medical negligence on behalf of her deceased husband against the doctor and his employer, Radiological Services, Inc. (employer).[2] The wife alleged that the doctor failed to diagnose and treat her husband's cancer.

¶4 After the trial, the jury returned a unanimous verdict for the doctor and his employer. The journal entry of judgment was entered in favor of the doctor and his employer and filed on June 16, 2004. The certificate of service indicates that a copy of the judgment was sent to the wife by both facsimile and by regular mail on June 21, 2004—which was within three days of the filing of the judgment.[3] The certificate of

---

1. Because the motion for new trial is treated as the functional equivalent as a motion to vacate, we need not address whether the motion was timely filed as a motion for new trial under 12 O.S.2001 § 653.

2. The wife also named Jane Phillips Medical Center, Dr. Gerald Reed, D.O., and Dr. S.A. Kirkpatrick, M.D., as defendants, but later dismissed them without prejudice before trial.

3. The journal entry of judgment was filed on Wednesday, June 16, 2004. A copy of the judgment was mailed on Monday, June 21, 2004. Not including weekends, the mailing was made

service was filed four days later on June 25, 2004.

¶5 On July 1, 2004, the wife filed a motion for a new trial, alleging that the jury foreperson, Keith McNickle (McNickle), provided untruthful and incomplete answers during *voir dire.* During *voir dire,* the trial court asked the jury panel whether any juror had been a party to a lawsuit other than a divorce proceeding. McNickle replied that he had been a plaintiff in a minor personal injury claim which had been settled out of court to his satisfaction. After the verdict, the wife produced documents which revealed that McNickle was the non-prevailing party in

another lawsuit, *McNickle v. Phillips Petroleum Co.* 2001 OK CIV APP 54, 23 P.3d 949.[4]

¶6 The doctor and his employer argued that the new trial motion was untimely under 12 O.S.2001 § 653[5] because it was filed eleven days after the judgment was filed. The wife insisted that her new trial motion was timely because: 1) it was filed fewer than ten days after the certificate of service was filed; 2) she was entitled to three additional days to file under 12 O.S.2001 § 2006 (D);[6] or in the alternative, 3) the motion should be construed as a timely filed motion to vacate under 12 O.S.2001 § 1031.1 (A).[7] She argued

within three days of the filing of the judgment. Title 12 O.S.2001 § 2006 (A)(1) provides:

> A. COMPUTATION. 1. In computing any period of time prescribed or allowed by this title, by the rules of any court of this state, or by order of a court of this state, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a legal holiday as defined by Section 82.1 of Title 25 of the Oklahoma Statutes or any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, in which event the period runs until the end of the next day which is not a legal holiday or a day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time. Except for the times provided in Sections 765, 990.3, 1148.4, 1148.5A, and 1756 of this title, when the period of time prescribed or allowed is less than eleven (11) days, intermediate legal holidays and any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation.

4. In the *McNickle* lawsuit, Keith McNickle appealed a summary judgment which was granted in favor of defendant Phillips Petroleum Company on his claims of tortious interference with contract and tortious interference with prospective economic advantage. The Court of Civil Appeals affirmed in *McNickle v. Phillips Petroleum Co.,* 2001 OK CIV APP 54, 23 P.3d 949.

5. Title 12 O.S.2001 § 653 provides in pertinent part:

> A. Unless unavoidably prevented, an application for a new trial by motion, if made, must be filed not later than ten (10) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed. More than ten (10) days after the judgment, decree, or appealable order which conforms with Section 696.3 of this title

has been filed, an application for a new trial by petition may be filed in conformance with the provisions of Section 655 of this title.

> B. If the moving party did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the moving party, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the moving party within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the motion for new trial may be filed no later than ten (10) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the moving party....

6. Title 12 O.S.2001 § 2006 (D) provides:

> ADDITIONAL TIME AFTER SERVICE BY MAIL. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party by mail, *three (3) days shall be added to the prescribed period;* provided, however; when a summons and petition are served my mail, a defendant shall serve an answer within twenty (20) days or thirty-five (35) days if pursuant to subsection A of Section 2012 of this title, after the date of receipt or if refused, the date of refusal of the summons and petition by the defendant. (Emphasis added.)

7. Title 12 O.S.2001 § 1031.1 provides:

> A. A court may correct, open, modify or vacate a judgment, decree, or appealable order on its own initiative not later than thirty (30) days after the judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk. Notice of the court's action shall be given as directed by the court to all affected parties.
> B. On motion of a party made not later than thirty (30) days after a judgment, decree, or

that McNickle's untrue and incomplete statement regarding his lawsuit against his employer was grounds for a new trial. The trial court granted the wife's motion on December 28, 2004. The doctor and his employer appealed, and the Court of Civil Appeals affirmed. We granted certiorari on September 18, 2006.

**¶7 UNDER THE FACTS PRESENTED, THE MOTION FOR A NEW TRIAL IS THE FUNCTIONAL EQUIVALENT OF A MOTION TO VACATE AND THE TRIAL COURT DID NOT ERR IN VACATING ITS JUDGMENT AND GRANTING A NEW TRIAL.**

■ ¶8 The wife's argument that the Court should treat her motion as a timely motion to vacate under 12 O.S.2001 § 1031.1 (A) is dispositive.[8] The doctor offers no counter explanation as to why the motion could not qualify as a motion to vacate. The meaning and effect of an instrument filed in court depends on its contents and substance rather than on the form or title given it by the author.[9] In this instance, the wife's "mo-

tion for new trial" is the functional equivalent of a timely motion to vacate under § 1031.1(A).

■ ¶9 Trial courts retain plenary control, or "term-time authority," over terminal decisions for a limited time period.[10] Section 1031.1(A) sets the time period for invoking term-time authority at thirty days and does not restrict the exercise of term-time authority to any specific grounds.[11] A trial court may exercise its term-time authority with a very wide and extended discretion that is almost unlimited.[12] The standard of review for a timely granted § 1031.1(A) motion is whether sound discretion was exercised on sufficient cause shown to vacate, modify, open, or correct the earlier decision or to refuse the relief sought.[13]

■ ¶10 The doctor and his employer argue that the trial court erred in granting the wife's motion because McNickle was not untruthful in his answers during *voir dire*, and was not guilty of misconduct.[14] Alterna-

appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk, the court may correct, open, modify, or vacate the judgment, decree, or appealable order. If the moving party did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the moving party, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the moving party within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the motion to correct, open, modify, or vacate the judgment, decree, or appealable order may be filed no later than thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the moving party. The moving party shall give notice to all affected parties. A motion to correct, open, modify, or vacate a judgment or decree filed after the announcement of the decision on all issues in the case but before the filing of the judgment or decree shall be deemed filed immediately after the filing of the judgment or decree.
C. After thirty (30) days after a judgment, decree, or appealable order has been filed, proceedings to vacate or modify the judgment, decree, or appealable order shall be by petition in conformance with Section 1033 of this title.

8. Title 12 O.S.2001 § 1031.1, see note 7, supra.

9. *Hulsey v. Mid–America Preferred Ins. Co.*, 1989 OK 107, ¶8, n. 14, 777 P.2d 932; *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶4, 681 P.2d 757; *Amarex v. Baker*, 1982 OK 155, ¶18, 655 P.2d 1040.

10. *In re Estate of Hughes*, 2004 OK 20, ¶12, 90 P.3d 1000; *Schepp v. Hess*, 1989 OK 28, ¶7, 770 P.2d 34.

11. Title 12 O.S.2001 § 1031.1 (A), see note 7, supra; *In re Estate of Hughes*, see note 10, supra; *Schepp v. Hess*, see note 10, at ¶8, supra.

12. *In re Estate of Hughes*, see note 10, supra; *Schepp v. Hess*, see note 10, at ¶9, supra; *Morgan v. Phillips Petroleum Co.*, 1949 OK 244, ¶2, 212 P.2d 663.

13. *Schepp v. Hess*, see note 10, at ¶11, supra.

14. The doctor and his employer argue that because the wife did not offer an affidavit from McNickle, there was no competent evidence presented to support the trial court's order. Section 1031.1(A) contains no requirement of an affidavit. The record supports that the wife presented competent evidence to support the order. While the wife did not present an affidavit, she did present a copy of the published opinion of the Court of Civil Appeals in *McNickle v. Phillips Petroleum Co.*, see note 4, supra, which listed Keith McNickle as the plaintiff/appellant. She

tively, they insist that if McNickle's answers did constitute misconduct, the misconduct was not a sufficient basis upon which to grant a new trial.

¶ 11 A material omission can be just as powerful an untruth as an affirmative material misstatement. In *Dominion Bank of Middle Tenn. v. Masterson,* 1996 OK 99, 928 P.2d 291, we reversed a trial court's refusal to grant a new trial when a juror failed to provide complete and accurate information about his involvement in prior litigation.

¶ 12 We noted that the false answers deprived the parties of an opportunity to delve deeper into the juror's qualifications, including possible prejudice during *voir dire,* thereby depriving counsel of an opportunity to question the juror about the effect of previous lawsuits and whether the juror could impartially consider the case to determine whether the juror should be challenged either peremptorily or for cause. Consequently, we held that an omission, even if accidental concerning a juror's possible bias, entitled the moving party to a new trial.[15]

¶ 13 Here, the jury was asked by the trial court if any member had been involved in a lawsuit other than a divorce.[16] McNickle answered that he had been a plaintiff in a case involving an automobile accident, but he failed to mention his involvement in the

*McNickle* case.[17] While McNickle's omission may have been inadvertent, he did not give a complete and accurate answer to the question posed by the trial court. The wife's evidence reasonably supports the trial court's finding that McNickle was guilty of misconduct.[18]

¶ 14 In *Stillwell v. Johnson,* 1954 OK 189, 272 P.2d 365, we affirmed a trial court's order granting a new trial on the grounds of juror misconduct. Both parties' counsel asked the jury during *voir dire* whether any juror had been a party to an action for damages arising out of an automobile collision, and one juror failed to mention that he had.[19] We decided there that the inaccurate answer "deprived the plaintiff of further inquiry as to the attitude of the prospective juror toward those who prosecute damage suits." [20]

¶ 15 Likewise, McNickle's inaccurate answer prevented the wife from making further inquiry into McNickle's attitude. We find that McNickle's failure to mention that he was the unsuccessful plaintiff in an action for damages constituted sufficient grounds for the trial court to grant the new trial.

## CONCLUSION

¶ 16 The trial court granted the wife's timely motion to vacate. A trial court has

---

also presented a copy of the petition in the *McNickle* case bearing the signature "Keith McNickle" and a copy of the jury verdict in the instant cause bearing a similar signature. The wife also offered evidence that the plaintiff/appellant in the *McNickle* case and the jury foreperson in the instant cause were each residents of Bartlesville, Oklahoma. The doctor and his employer did not offer any evidence to question the authenticity of the signatures. They also did not call McNickle to rebut the assertion that McNickle was the plaintiff/appellant in the *McNickle* case, nor did the doctor and his employer produce an affidavit stating as much. Instead, the doctor and his employer have chosen to lean solely on their perception of a procedural irregularity. There was evidence presented that would reasonably support the finding of the trial court, and the trial court did not abuse its discretion in basing its order on the evidence presented by the wife.

15. *Dominion Bank of Middle Tenn. v. Masterson,* 1996 OK 99, ¶ 17, 928 P.2d 291. See also, Nadel, *"Effect of Juror's False or Erroneous An-*

*swer on Voir Dire in Personal Injury or Death Action as to Previous Claims or Actions for Damages by Himself or His Family,"* 38 A.L.R.4th 267 (1985).

16. Transcript of the *Voir Dire* Proceedings held on May 10, 2004, pp. 18–20.

17. *Id.* at 20.

18. The doctor and his employer argue that the trial court granted the motion on the impermissible basis of "conscience." Section 1031.1(A) does not restrict term-time authority to any specific grounds. See note 7, supra. However, there is nothing in the record that evidences that the trial court based its ruling on anything other than McNickle's misconduct as a juror.

19. *Stillwell v. Johnson,* 1954 OK 189, ¶¶ 3–4, 272 P.2d 365.

20. *Id.* at ¶ 18.

wide discretion as to whether to grant a motion to vacate, and we will not disturb such a ruling absent a clear showing of an abuse of discretion. There is no error in the instant cause. The trial court properly granted the widow's motion to vacate based on juror misconduct.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

EDMONDSON, V.C.J., OPALA, KAUGER, WATT, COLBERT, JJ., concur.

HARGRAVE, J., concurs in result.

WINCHESTER, C.J., LAVENDER, TAYLOR, JJ., dissent.