WARD v. MORRISON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WARD v. MORRISON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WARD v. MORRISON
2018 OK CIV APP 36
417 P.3d 1257
Case Number: 114546
Decided: 12/19/2017
Mandate Issued: 05/09/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 36, 417 P.3d 1257

 

JULI D. WARD, Plaintiff/Appellant,
v.
SARA MORRISON, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE REBECCA BRETT NIGHTINGALE, TRIAL JUDGE

AFFIRMED

Tye H. Smith, Charles G. Smart, CARR & CARR, Oklahoma City, Oklahoma, for Plaintiff/Appellant

Neil D. Van Dalsem, TAYLOR, RYAN, MINTON & VAN DALSEM, P.C., Tulsa, Oklahoma, for Defendant/Appellee

JOHN F. FISCHER, PRESIDING JUDGE:

¶1 Plaintiff Juli Ward appeals from the district court's order denying her motion for new trial, in which she had raised allegations of misconduct by jurors during voir dire. Ward has not demonstrated that the district court acted arbitrarily, abused its discretion, or materially and manifestly erred in denying her motion for new trial. The district court's order denying Ward's motion for new trial is affirmed.

BACKGROUND

¶2 Ward filed this action against Defendant Sara Morrison alleging that she had sustained injuries and damages in an automobile collision resulting from Morrison's negligent operation of her vehicle. The matter was tried to a jury, which returned a unanimous verdict in favor of Morrison on August 19, 2015. On September 22, the district court entered judgment on the jury's verdict. On the following day, Ward filed a motion for new trial.

¶3 Ward based her motion for new trial on 12 O.S.2011 § 651(2).[1] She claimed she had "circumstantial evidence" that she believed was sufficient to support a finding of juror misconduct. Ward alleged that six of the jurors -- four who delivered the unfavorable verdict and two who were stricken by peremptory challenges -- had been involved in prior litigation and failed to disclose that information when responding to the district court's initial questions during voir dire.[2] In support of her motion for new trial, Ward submitted copies of district court docket entries her counsel had printed following a post-trial online search of all the jurors' names on the Oklahoma State Courts Network website. Ward claimed that the online investigation of the panel revealed district court case records containing the names, or names similar to, those of the identified jurors, indicating their involvement in litigation. She stated: "[I]t 'appears' that juror misconduct has taken place."

¶4 Ward's deliberate use of the phrase "it 'appears' that juror misconduct has taken place," acknowledged "the difficulty in conclusively knowing that the person named in the attached court records is the same as the person who sat as a juror or prospective juror in this case." Nevertheless, Ward maintained that jurors' untruthful responses deprived her of the right to adequately question them about prior litigation and inquire whether those lawsuits affected their ability to impartially consider her case. And for that reason, Ward argued that the district court was obligated to grant her a new trial, or at least set the matter for an evidentiary hearing, so that she could "subpoena those [identified] jurors and prospective jurors . . . to testify before the Court." Otherwise, Ward requested "direction on how the Court wishes to proceed to satisfy itself that the people named in the court documents are the same people who sat in this case."

¶5 In her response and objection to Ward's motion for new trial, Morrison pointed out that, even if it might appear that certain jurors had not disclosed their complete litigation history in response to the court's general inquiry, the district court records submitted by Ward did not reveal any cases similar to Ward's or any prior relationship with either party or their counsel. Morrison also pointed out that those court records related to attempted debt collection and foreclosure (including in rem) and had resulted in default judgments or dismissals. The court records also involved domestic matters, which the district court had discussed with the jurors during voir dire:

I exclude those [from questions regarding involvement in litigation] unless something happened in your case involving a divorce or custody issue that was so traumatic that even just sitting here in the courtroom it's creating stress for you. If that's your situation, we probably want to know about it. Otherwise, I don't think you need to bring it up.

¶6 The district court denied Ward's motion for new trial without a hearing. Ward now seeks review in this Court, raising two propositions of error. She claims that the district court erred and a new trial is warranted due to misconduct by the jurors. In a related proposition, Ward argues that the district court should have held an evidentiary hearing on the issue of juror misconduct.

STANDARD OF REVIEW

¶7 "[T]rial courts are vested with broad legal discretion to grant or deny a new trial, and unless it clearly appears the trial court erred in some pure simple question of law or acted arbitrarily, its judgment will not be disturbed on appeal." Smith v. City of Stillwater, 2014 OK 42, ¶ 11, 328 P.3d 1192. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Id. Unless the district court either clearly erred in resolving "some pure simple question of law or acted arbitrarily," the appellate court will not disturb the district court's refusal to grant a new trial. Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99, ¶ 16, 928 P.2d 291 (citing Poteete v. MFA Mut. Ins. Co., 1974 OK 110, 527 P.2d 18).

¶8 Further, an appellate court will presume that the district court's ruling on a motion for new trial is correct and that the court made all findings necessary to support its ruling. Absent explanation of the ruling by the district court and absent a record demonstrating the contrary, this Court is under a duty to indulge the presumption of correctness with regard to the district court's ruling. KMC Leasing, Inc. v. Rockwell-Standard Corp., 2000 OK 51, ¶ 13, 9 P.3d 683.

ANALYSIS

¶9 A juror's failure to respond truthfully to questions during voir dire may be basis for the grant of a new trial. See e.g., James v. Tyson Foods, Inc., 2012 OK 21, 292 P.3d 10; Neumann v. Arrowsmith, 2007 OK 10, 164 P.3d 116; Dominion Bank of Middle Tenn. v. Masterson, 1996 OK 99, 928 P.2d 291; Kansas City Southern Ry. Co. v. Black, 1964 OK 192, 395 P.2d 416; Stillwell v. Johnson, 1954 OK 189, 272 P.2d 365. Omission of litigation history, whether intentional, inadvertent or the result of a misunderstanding, can rise to a level of misconduct that warrants a new trial. Neumann, 2007 OK 10, ¶ 11 (noting that "[a] material omission can be just as powerful an untruth as an affirmative material misstatement").

¶10 There is no absolute rule that identifies, or checklist that predetermines, whether a juror's involvement in a particular type of lawsuit is material for purposes of disclosure during voir dire, requiring the district court to conclude that an omission or misstatement of that litigation history constitutes juror misconduct warranting a new trial. The Oklahoma Supreme Court has made it clear, however, that a new trial does not automatically follow in every instance of a juror's false or misleading statement during voir dire. See Ledbetter v. Howard, 2012 OK 39, ¶ 21, 276 P.3d 1031 (emphasizing that "this decision should not be construed to stand for the proposition that a single untrue response to a question on voir dire will necessarily require a new trial").

¶11 We have surveyed the cases wherein the Oklahoma Supreme Court held that alleged juror misconduct during voir dire warranted a new trial, and note that the Court's determination of whether a juror's omission of litigation history has deprived a litigant of a fair trial depends on the particular facts and circumstances of each case. The Court has also recognized that the district court judge who presided at trial, observed the witnesses and had full knowledge of the proceedings is in a better position to address these issues. James v. Tyson Foods, Inc., 2012 OK 21, ¶¶ 13-14, 292 P.3d 10.

¶12 Further, failure to reveal is not the controlling factor requiring reversal; rather, it is whether the failure to reveal involves material information, such as the juror's prior or existing relationship with parties or their counsel, or concealment of adverse litigation history or pending litigation involving issues related to the material issues to be tried in the case. In each of the surveyed cases, the Court detailed the facts and circumstances which led it to conclude that juror omissions denied a party the opportunity to explore whether juror attitudes, bias or prejudice would prevent that juror's impartial consideration of the case.

¶13 The facts in this case are different from the surveyed cases, so much so that we do not find that the cited authority dictates a finding of abuse of discretion by the district court. For example, in Stillwell v. Johnson, 1954 OK 189, 272 P.2d 365, the Court affirmed the district court's grant of new trial where a juror had provided false information about being a party in legal actions. The case involved an automobile collision with personal injuries, and the jurors were asked whether they had ever been a party in a lawsuit involving an automobile accident. One juror answered that he had not, but it was later discovered that he was a defendant in an action for damages resulting from an automobile collision, pending at the time in the same district court. The Stillwell Court found no clear abuse of discretion by the district court in granting the plaintiff a new trial, noting that the juror's false information had "naturally deprived the plaintiff of further inquiry as to the attitude of the prospective juror toward those who prosecute damage suits arising from automobile collisions." Id. ¶ 18.

¶14 In Kansas City Southern Railway Co. v. Black, 1964 OK 192, 395 P.2d 416, three jurors had concealed material information on voir dire. The Black case involved injuries to a worker, and one juror failed to disclose that her son had been hurt in a serious work-related accident and had recovered damages for his injuries. Another juror neglected to mention that he was related by marriage to the plaintiff. The third failed to note that he was the defendant's former employee, had sustained a work-related injury for which he had consulted a lawyer about filing a lawsuit "and had been released from [the defendant's] service under circumstances that were not calculated to leave a good feeling between [that juror] and the defendant." Id. ¶ 9. The Court held that the district court abused its discretion in refusing to grant a new trial because the three jurors had "concealed matters which would establish [their] disqualification or would lead the parties to challenge them." Id. ¶ 0 (Syllabus by the Court).

¶15 In Dominion Bank of Middle Tennessee v. Masterson, 1996 OK 99, 928 P.2d 291, the jurors were asked on voir dire if they knew any of the parties or their attorneys. One of the jurors, who was eventually elected foreman, indicated that he did not know the parties and that the only lawsuit he had been involved in was an easement dispute. Following a verdict for the plaintiff, the defendant learned that the juror had actually been a party to twenty-one (21) lawsuits including one in which defendant's counsel was the attorney of record for a party who obtained a judgment against the juror. And, the entire balance of that judgment was collected by a garnishment of the juror's bank account. Further, the Court noted that the defendant had hired a jury selection consultant to assist in the selection of the jury for the trial. After the expert learned of the juror's involvement in other lawsuits besides the admitted easement dispute, the expert stated under oath that he would have recommended the juror be stricken from the jury panel. The expert further opined that "'there was a substantial risk that [the juror] could have or did influence the other jurors in a negative direction' during deliberations." Id. ¶ 5. The Dominion Court concluded: "Where, as here, the juror has had judgments entered against him and garnishment proceedings instituted by counsel of one of the parties to the case he is to hear, it is especially important that the juror's bias or partiality be determined." Id. ¶ 14.

¶16 Neumann v. Arrowsmith, 2007 OK 10, 164 P.3d 116, was a medical malpractice case, where the jury returned a verdict for the defendants. The district court granted the plaintiff's motion to vacate and ordered a new trial. In support of her motion, the plaintiff had submitted documents showing that the jury foreman had failed to disclose the fact that he had been the non-prevailing party plaintiff in a prior lawsuit involving tort claims, including a claim for tortious interference with prospective economic advantage. In a published opinion in the jury foreman's prior lawsuit, the Court of Civil Appeals had affirmed the summary judgment in favor of the defendant, and the Oklahoma Supreme Court denied certiorari.[3] In affirming the district court, the Neumann Court specifically noted that the "record supports that the [plaintiff] presented competent evidence to support the order," which evidence included the juror foreman's signature on a document in his tort case and on the verdict form in the plaintiff's case. Id. n.14. The Court further stated: "We find that [the jury foreman's] failure to mention that he was the unsuccessful plaintiff in an action for damages constituted sufficient grounds for the trial court to grant the new trial." Id. ¶ 15. The Neumann Court held that the district court had not abused its discretion in vacating the judgment and granting a new trial based on juror misconduct. Id. ¶ 16.

¶17 More recently, the Oklahoma Supreme Court retained an appeal and addressed, among other issues, the question of whether the defendant was entitled to a new trial under facts where jurors gave incomplete, untruthful, and/or misleading answers when they filled out questionnaire forms the district court provided to them. James v. Tyson Foods, Inc., 2012 OK 21, ¶ 1, 292 P.3d 10. In its analysis, the James Court noted that the district court had prohibited the parties' attorneys from asking any questions already covered and answered in its questionnaire, and told the jurors "that the attorneys would be asking questions to 'supplement [the] questionnaire forms' and would be allowed to inquire into 'social, religious or moral issues that have not already been asked of you in the questionnaire.'" Id. ¶ 17. The Court found Dominion "instructive" on the issue before it. Id. ¶ 2. But in determining the defendant was entitled to a new trial, the James Court not only found substantial juror misconduct, but also that the district court had deprived the defendant's counsel of the opportunity to determine juror impartiality when it prohibited further investigation beyond the questionnaire. The Court concluded that juror concealment "coupled with the parties' inability to question the jurors on relevant issues" warranted a new trial. Id. ¶ 30. Based on that conclusion, the James Court held that where "the attorneys were effectively barred from investigating" it was constrained to remand the cause for a new trial. Id. ¶ 31.

¶18 The adverse verdict does not, without more, demonstrate that Ward was deprived of a fair trial. We note that all but two of the jurors seated in this case had prior involvement in automobile accidents, and they disclosed that information to the district court. Some of the jurors had sustained injuries and required medical care as a result of another driver's negligence. Other jurors had retained attorneys to pursue their automobile negligence claims. But, as they were questioned by the district court, the jurors in this case all answered "Yes," when asked if they could remain fair and impartial when considering Ward's automobile negligence claim against Morrison, indicating no bias or prejudice against a person bringing suit seeking damages for bodily injury arising from alleged automobile negligence.

¶19 Further, the district court did not limit the attorneys' follow-up questioning. We note that Ward's attorney questioned the jurors on such topics as rules of the road, defensive driving, pre-existing medical/physical conditions and their views on the significance of evidence of minor vehicle damage.

¶20 As the party alleging there was juror misconduct requiring a new trial, Ward had the burden to demonstrate such conduct to the district court. On appeal, Ward's burden is to demonstrate that the district court abused its discretion either by making a clearly erroneous conclusion and judgment contrary to reason and evidence, or exercising its discretion to an end or purpose not justified by, and clearly contrary to, reason and evidence. State of Oklahoma v. Torres, 2004 OK 12, ¶ 10, 87 P.3d 572. On this record, we cannot conclude that the district court erred in denying Ward's motion for new trial or in declining to hold further proceedings on the matter.

CONCLUSION

¶21 The district court did not abuse its discretion in denying Ward's motion for new trial. Because the district court's order was an act within its discretion, we affirm its order.

¶22 AFFIRMED.

RAPP, J., and GOODMAN, J., concur.

FOOTNOTES

[1] Section 651 provides:

A new trial is a reexamination in the same court, of an issue of fact or of law or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of the party:
. . .

2. Misconduct of the jury or a prevailing party . . . .

[2] The exercise of peremptory challenges is not reported in the transcripts included in the appellate record.

[3] The appealed tort case was McNickle v. Phillips Petroleum Co., 2001 OK CIV APP 54, 23 P.3d 949.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 54, 23 P.3d 949, 72 OBJ 1558, MCNICKLE v. PHILLIPS PETROLEUM CO.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1954 OK 189, 272 P.2d 365, STILLWELL v. JOHNSON
Discussed at Length
 1964 OK 192, 395 P.2d 416, KANSAS CITY SOUTHERN RAILWAY CO. v. BLACK
Discussed at Length
 1974 OK 110, 527 P.2d 18, POTEETE v. MFA MUTUAL INSURANCE COMPANY
Discussed
 2004 OK 12, 87 P.3d 572, STATE v. TORRES
Discussed
 2007 OK 10, 164 P.3d 116, NEUMANN v. ARROWSMITH
Discussed at Length
 1996 OK 99, 928 P.2d 291, 67 OBJ 2798, Dominion Bank of Middle Tennessee v. Masterson
Discussed at Length
 2012 OK 21, 292 P.3d 10, JAMES v. TYSON FOODS, INC.
Discussed at Length
 2012 OK 39, 276 P.3d 1031, LEDBETTER v. HOWARD
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed
 2000 OK 51, 9 P.3d 683, 71 OBJ 1763, KMC Leasing Inc. v. Rockwell-Standard Corp.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 651, New Trial - Definition - Causes for
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA