2008 OK 56

**Brent WATSON, Plaintiff/Appellee**

**v.**

**GIBSON CAPITAL, L.L.C., and David Gibson, Individually, Defendants/Appellants.**

**No. 103,997.**

Supreme Court of Oklahoma.

June 17, 2008.

John M. Thetford, Tony Laizure, Stipe, Harper, Laizure, Uselton, Belote, Maxcey & Thetford, Tulsa, OK, for Plaintiff/Appellee.

Eugene Robinson, Kenneth M. Yates, The Robinson Law Firm, P.C., Tulsa, OK, for Defendants/Appellants [1].

OPALA, J.

¶1 The dispositive issue on certiorari is whether a client, while represented by counsel of record, may file papers in an active case in which he is a party **without the signature of his lawyer.** We answer in the negative.

## I

### THE ANATOMY OF LITIGATION

¶2 Brent Watson (Watson) brought an action on 22 March 2005 against David Gibson and Gibson Capital L.L.C. (collectively called Gibson) for damages to his property. He alleged that Gibson caused a fire which destroyed his property then stored on premises leased from Gibson. At the time the petition was filed (and at all other times relevant here), Watson was represented by counsel of record who had entered an appearance in the case.

¶3 On 17 March 2006 Watson signed and filed a dismissal of the action with prejudice. Ten days later Watson's counsel of record brought a motion to vacate the client's dismissal, invoking the provisions of 12 O.S.2001

---

1. Identified herein are only those counsel for the parties who have entered an appearance in this cause (as required by Okla.Sup.Ct.R. 1.5(a), 12 O.S.2001, Ch. 15, App.1) and whose names appear on the certiorari briefs.

§ 1031. According to counsel's motion, (a) Watson suffered severe emotional distress and psychological injuries caused by the destruction of his business; (b) he filed a dismissal with prejudice without the consent of counsel and without appreciating the consequences of his action; and (c) under the terms of 12 O.S.2001 § 1031.1 the court has unlimited power to vacate or modify the plaintiff's act within 30 days of its filing. Gibson responded that the motion was without merit because (a) there was no judgment to vacate; (b) it was Watson, not the trial court, who signed and filed the dismissal; and (c) in the absence of a judge-signed judgment or other court order, the terms of 12 O.S.2001 § 1031 are inapplicable to the proceeding for vacation of Watson's dismissal.

¶ 4 At the hearing on the motion to vacate, testimony was introduced as to Watson's lack of mental competency at the time he filed the dismissal. Upon consideration of the witnesses' testimony and the parties' briefs, the trial court vacated the dismissal which had been filed by the plaintiff alone, acting without being joined by his lawyer. The Court of Civil Appeals (COCA) reversed the trial court's order. According to COCA, the terms of 12 O.S.2001 § 1031.1 [2] do not apply to this case because there was here no terminal decision entered by the trial court. COCA notes that Watson's dismissal was made pursuant to the terms of 12 O.S.Supp.

2004 § 684,[3] which authorize a party's termination of suit without an order of the court.

## II

## THE ARGUMENTS ON CERTIORARI

¶ 5 Watson asserts that COCA erred in concluding the trial court lacked jurisdiction either under 12 O.S.2001 § 1031 or § 1031.1 to vacate the dismissal. According to Watson, the trial court (a) had virtually unlimited power under § 1031.1 to vacate or modify a dismissal within 30 days of its filing and (b) had the authority to view the dismissal with prejudice as a nullity since it was done by a represented party without the joinder of his attorney of record.

¶ 6 Gibson counters COCA correctly concluded that (a) Watson, although represented by counsel, was authorized by the terms of 12 O.S.Supp.2004 § 684 to sign and file a voluntary dismissal of his own lawsuit and (b) the trial court exceeded its jurisdiction by setting aside Watson's own voluntary dismissal. According to Gibson, nothing in the text of 12 O.S.Supp.2004 § 2011(A) [4] deprives a represented party of the power voluntarily to dismiss its own action. Gibson maintains that because Watson voluntarily terminated the lawsuit, **there was no terminal trial court's decision** which could trigger its § 1031.1 authority to order a vacation. **Watson simply filed his own termination of litigation.** According to Gibson, the cases

2. The terms of 12 O.S.2001 § 1031.1(B) provide in pertinent part:

B. On motion of a party made not later than thirty (30) days after a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk, the court may correct, open, modify, or vacate the judgment, decree, or appealable order.

3. The pertinent terms of 12 O.S.Supp.2004 § 684 are:

A. Except as provided in Section 5 of this act, an action may be dismissed on the payment of costs and without an order of court by the plaintiff at any time before a petition of intervention or answer praying for affirmative relief against the plaintiff is filed in the action. * * * *
B. Such dismissal shall be in writing and signed by the party or the attorney for the party, and shall be filed with the clerk of the district

court where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the words "with prejudice" be expressed therein.

4. The terms of 12 O.S.Supp.2004 § 2011(A) are:

A. SIGNATURE. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in his individual name, whose Oklahoma Bar Association identification number shall be stated, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the address of the signer and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless the omission of the signature is corrected promptly after being called to the attention of the attorney or party.

relied upon by Watson are not in conflict with COCA's pronouncement.[5]

## III

### COMMON–LAW NORMS OF INTER-ACTION BY AN ATTORNEY WITH A CLIENT

¶ 7 We are committed to the common-law norms of interaction by an attorney with a client and to the duties each owes to the other.[6] As a general rule a party who is represented by counsel of record[7] stands deprived of power to act as his own attorney in the litigation.[8] While a party may, at his own election, appear either in person or by counsel of record, **no litigant may do both by acting as a party and a lawyer while having a counsel of record in the litigated case.**

¶ 8 Clients possess unlimited power to discharge a lawyer.[9] The client who wants to take over a lawsuit from the lawyer must first (a) discharge the counsel of record by a document on file in court and then (b) proceed independently (*pro se*) as an unrepresented party. But while the lawyer continues to hold the status as counsel of record, it is the lawyer alone who holds the position of *magister litis*—the master of the client's litigation.[10] Anterior to the lawyer's release from employment a represented client may not, without the lawyer's consent, dismiss his or her case then pending in the court. **In short, judges cannot act on requests pressed before them by represented clients alone, and represented parties cannot act in court *sans* their lawyers of record.**

¶ 9 The general rule that **a party who is represented by an attorney of record** will not be recognized by the court as an actor *in propria persona* in the conduct of his own case applies with equal force to the filing of documents.[11] While representing a client in court **a lawyer has exclusive authority to file papers for the client in the case in which the lawyer appears as coun-**

---

**5.** The issue before the trial court was not whether the court had the power to vacate the dismissal but rather whether the court had the power to refuse recognition to an invalid paper on file in the case. *Harden v. District Court of Tulsa County*, 1935 OK 1184, 53 P.2d 247, 249, 175 Okl. 417; *Stork v. Stork*, 1995 OK 61, 898 P.2d 732, 740.

**6.** See in this connection, Restatement (Third) of The Law Governing Lawyers § 16 (A Lawyer's Duties To A Client–In General); § 17 (A Client's Duties To A Lawyer); § 18 (Client–Lawyer Contracts); § 19 (Agreements Limiting Client Or Lawyer Duties).

**7.** "To be attorney of record, the attorney's name must appear on the pleadings, or on some instrument filed in the case or on the appearance docket." *Tway v. Hartman*, 1937 OK 536, 609, ¶ 0 syl.2, ¶ 4, 181 Okl. 608, 75 P.2d 893.

**8.** There can be but one manager of litigation and counsel of record is always that manager. A represented party cannot manage litigation and act as its manager so long as there is a counsel of record. *See, e.g., People ex rel. Department of Public Works v. Hook*, 248 Cal.App.2d 618, 623, 56 Cal.Rptr. 683 (1967); *Lovret v. Seyfarth*, 22 Cal.App.3d 841, 857–858, 101 Cal.Rptr. 143 (1972); *Wells Fargo & Co. v. City and County of San Francisco*, 25 Cal.2d 37, 152 P.2d 625, 628 (1944); *Daley v. Butte County*, 227 Cal.App.2d 380, 391, 38 Cal.Rptr. 693, 700 (1964); *Petition of Reece*, 148 Mont. 207, 418 P.2d 859 (1966); *Houser v. Frank*, 186 Kan. 455, 350 P.2d 801,

804 (1960); *West v. Houston Lighting & Power Co.*, 483 S.W.2d 352, 358 (Tex.Civ.App.1972); *Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13, 15 (1987); *Waite v. Wellington Boats, Inc.*, 459 So.2d 431, 432 (Fla.App.1984); *Shores Co. v. Iowa Chemical Co.*, 222 Iowa 347, 268 N.W. 581, 582 (Iowa 1936); *Thomas v. National State Bank*, 628 P.2d 188, 189 (Colo.App.1981). One's status as counsel of record in a case is legally protected **both by the common law as well as by statute.** An attack upon that status, when launched *sans* proof, will not succeed. It stands shielded by the law's protective screen in the form of **presumptive authority, validity and correctness.** 5 O.S.Supp.2006 § 5; *Burkhart v. Lasley*, 1938 OK 63, ¶ 9, 75 P.2d 1124, 1125.

**9.** *White v. American Law Book Co.*, 1924 OK 123, 233 P. 426, 427. The comment to Rule 1.16, Rules of Professional Conduct, 5 O.S.Supp.2008, Ch. 1, App. 3–A, states in pertinent part:

[4] A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services.

**10.** *Magister litis* means the headmaster of the lawsuit or a "person who directs or controls a lawsuit." Black's Law Dictionary at 962 (7th ed.1999).

**11.** *See, e.g., Lovret v. Seyfarth*, *supra* note 8, 22 Cal.App.3d at 857–858, 101 Cal.Rptr. 143; *People v. Merkouris*, 46 Cal.2d 540, 297 P.2d 999, 1009 (1956); *Electric Utilities Co. v. Smallpage*, 137 Cal.App. 640, 31 P.2d 412, 413 (1934).

sel of record. A client-filed paper, to be effective, must either bear the lawyer's signature or be preceded by the filing in the case of a document that discharges the lawyer and gives him (or her) notice of the employment's termination. **The suit's dismissal under consideration here was facially flawed and hence utterly ineffective. This is so because it was filed solely by a client represented by counsel of record without having the lawyer join him in the document.**

■ ¶ 10 This broad common-law rule, which stands confined to forensic representation,[12] has never been repealed by an Oklahoma statute. None of the statutes pressed by the parties in contest deals with the precise issue here—the extent of authority, if any, a client represented by counsel of record may continue to exercise in court proceedings without having the approval of his lawyer of record.

■ ¶ 11 **The plaintiff's facially ineffective dismissal, which constitutes no impediment of record to the plaintiff's prosecution of his claim, was correctly vacated by the trial court.**[13]

## IV

### THE COMMON LAW IS NOT REPEALED BY SILENCE

■ ¶ 12 Gibson's view that a represented client is authorized by the terms of 12

O.S.Supp.2004 § 684 [14] to sign and file a dismissal of his own lawsuit is incorrect. The terms of § 684 mean that either a *pro se* party or a represented party's counsel may file a dismissal. **Nowhere does the cited statute's text re-invest a represented party, contrary to the teachings of the common law, with its earlier capacity to act alone in litigation.** In short, **no part of § 684's text confers upon the represented party the power to dismiss a suit without being joined by his counsel of record.** The common law, which in this state remains in full force unless some legislative enactment explicitly provides otherwise,[15] may not be viewed as having been abrogated either by silence or mere implication.[16]

## V

### SUMMARY

¶ 13 A party to an action who is represented by counsel of record may not act independently as his own attorney in the case. A dismissal of the action filed by a represented client without being joined by the counsel of record or without having earlier discharged his lawyer from employment is facially ineffective. **The attorney-of-record status extends to the client's forensic representation.** Because the plaintiff's dismissal was facially ineffective, the trial court did not err

---

12. The lawyer-of-record status does not extend to extra-forensic attorney-client relations, such as those which take place when counsel is hired to draft legal documents or handle other out-of-court matters.

13. The trial judge's statements in announcing the dismissal's vacation indicate his vacation was based on a different legal theory—the client's lack of legal capacity. Oral remarks made from the bench do not constitute a trial judge's findings of fact. *Hedges v. Hedges*, 2002 OK 92, ¶ 16, 66 P.3d 364. But even if they had been incorporated in the order on review, they would have been of no effect here because the client's capacity or its lack is not relevant in today's application of the common-law norm. This is so because no piece of paper filed in the case by the represented client can be effectual unless authorized by the lawyer. We may affirm the trial court's decision upon a correct legal theory even though an incorrect one was applied. *Jernigan v. Jernigan*, 2006 OK 22, ¶ 27, 138 P.3d 539, 548; *Bivins*

*v. State ex rel. Oklahoma Memorial Hosp.*, 1996 OK 5, ¶ 22, n. 40, 917 P.2d 456, 465.

14. For the pertinent terms of 12 O.S.Supp.2004 § 684 see *supra* note 3.

15. The terms of 12 O.S.2001 § 2 provide in relevant part:

The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; . . . .

16. *Taylor v. State Farm Fire & Casualty Co.*, 1999 OK 44, ¶ 21, 981 P.2d 1253, 1262–62; *Brashier v. Farmers Ins. Co., Inc.*, 1996 OK 86, ¶ 8, 925 P.2d 20, 24 (overruled in part on another issue); *Greenberg v. Wolfberg*, 1994 OK 147, ¶ 11, 890 P.2d 895, 900; *Tate v. Browning–Ferris, Inc.*, 1992 OK 72, ¶ 11, 833 P.2d 1218, 1225–26.

in setting it aside. A correct trial court's decision will be affirmed even if it is apparent from the transcript of oral proceedings that it was rendered upon the wrong or inapplicable reason.[17]

¶ 14 The message of today's pronouncement, which governs important aspects of *pro se* and by-counsel representation, is **simple** and **clear.**

¶ 15 One who is represented by counsel of record will not be recognized when attempting to act *pro se* **before** one's counsel stands discharged and that act appears of record. Nor will a *pro se* litigant be recognized when attempting to act by counsel until the newly-chosen counsel has made an appearance of record for the client as that party's attorney in the case.

¶ 16 Our pronouncement restates the centuries-old rules of legal practice **embodied in Oklahoma's common law that stands unaltered by statute.** These rules regulate the framework of forensic interaction by the court with counsel and with the parties, **both** those who are represented by a lawyer of record as well as those who are appearing *pro se.*

¶ 17 On certiorari granted upon the plaintiff's petition, the Court of Civil Appeals' opinion is vacated and the trial court's order is affirmed; the cause is remanded for further proceedings to be consistent with today's pronouncement.

¶ 18 EDMONDSON, V.C.J., OPALA, KAUGER, COLBERT, and REIF, JJ., concur

¶ 19 WINCHESTER, C.J., HARGRAVE, WATT and TAYLOR, JJ., dissent

---

**17.** *Jernigan v. Jernigan, supra* note at 13, 138 P.3d at 548.