2009 OK 56

**Brian Lee WILSON, Plaintiff/Appellant,**

v.

**Carl Daniel WEBB and Brent Stapp, Defendants/Appellees.**

No. 105,874.

Supreme Court of Oklahoma.

July 7, 2009.

Circuit's certification order.

---

77. Our conclusion that the law stands unsettled is limited to the facts presented in the Tenth

Brian Lee Wilson, Oklahoma City, OK, Pro se.

Jeffrey K. Archer, Duncan, OK, for Defendant/Appellee Webb.

Charles L. Barnes, Duncan, OK, for Defendant/Appellee Stapp.

KAUGER, J.

¶1 The issue presented is whether the appellant's motion for new trial was ineffective because it was filed without the signature of his counsel. We hold that because he

filed a document of record establishing that he had dismissed his counsel before filing the motion, the motion for new trial was not ineffective. We remand the cause to the Court of Civil Appeals for consideration of the issues raised on appeal.

¶ 2 On April 17, 2003, Brian Wilson (appellant), a prisoner acting *pro se*, brought a conversion action against his father-in-law, Carl Webb (Webb), and Brent Stapp (Stapp) (collectively, defendants). The appellant was incarcerated at all times pertinent to this cause. The appellant alleged that Webb sold the appellant's race car parts and accessories to Stapp without authorization. It is unclear from the record exactly when the sale occurred, but in his petition, the appellant stated that he learned of the sale on November 21, 2001. On May 21, 2003, also acting *pro se*, Webb filed an answer stating that the disputed property was the marital property of the appellant and Carla Wilson, Webb's daughter and the appellant's wife. Webb claimed that he facilitated the sale at Carla Wilson's request, in order to satisfy a portion of the Wilsons' marital debt.[1] Stapp did not initially file an answer. On August 13, 2003, the appellant moved for default judgment against Stapp, and the trial court denied the motion on September 3, 2003.

¶ 3 On April 20, 2004, the appellant moved for summary judgment against Webb and Stapp. The trial court granted the motion on May 26, 2004, and awarded the appellant $19,345.98. Webb then retained counsel and moved to vacate the summary judgment. The trial court granted the motion to vacate on September 9, 2004. The appellant and Webb each moved for summary judgment, and the appellant again moved for default judgment against Stapp. The trial court denied the motion for default judgment on September 16, 2005, and denied both motions for summary judgment on September 30, 2005. On October 6, 2005, Stapp retained counsel and filed an answer. On September 18, 2006, the appellant hired Clinton Russell (Russell/counsel) as his attorney.

¶ 4 The trial court issued its pretrial order on March 27, 2007, and the matter was continued several times. On November 9, 2007, Webb filed his Application for Leave to File Dispositive Motion Out of Time, and the trial court granted the motion. On November 15, 2007, Webb filed a motion for summary judgment, to which he attached a letter sent by the appellant, addressed to Stapp, and dated September 8, 2000. In the letter, the appellant referenced the sale of the race car parts and accessories and demanded $22,750.[2] Webb argued that the letter demonstrated that the appellant had knowledge of the sale on September 8, 2000, rather than November 21, 2001, as he stated in his petition, and therefore the petition was filed beyond the two year statute of limitations for conversion claims found at 12 O.S. Supp.2008 § 95(A)(3).[3] Webb also moved for an award of attorney fees and costs under 57 O.S. Supp.2002 § 566(C),[4] arguing that the appellant's suit was frivolous and malicious.

¶ 5 After requesting additional time, the appellant, through his counsel, filed a re-

---

1. Brian Wilson and Carla Wilson were divorced on October 5, 2004, about a year and a half after the appellant brought the instant action against Webb and Stapp. Amended Decree of Divorce and Dissolution of Marriage of Brian Lee Wilson and Carla Beatrice Wilson, October 5, 2004, Record, pp. 142–148.

2. Demand Letter from Appellant to Stapp, September 8, 2000, Record, p. 421. Webb attached an affidavit to his motion for summary judgment stating that he had received a copy of this letter. Record, p. 424.

3. Title 12 O.S. Supp.2008 § 95(A)(3), provides in pertinent part:
   A. Civil actions other than for the recovery of real property can only be brought within the following periods . . .
   . . .

3. Within two (2) years: . . . an action for taking, detaining, or injuring personal property. . . . While 12 O.S. § 95 has been amended since 2003, the pertinent language has remained the same, therefore, the current version of the statute is referenced.

4. Title 57 O.S. Supp.2002 § 566(C)(1–2) provides in pertinent part:
   If the court determines from the pleadings or the evidence that one or more of the causes of action are frivolous or malicious, any one or more of the following sanctions may be imposed . . .
   1. Award attorney fees and actual costs . . .
   2. Court costs not to exceed Five Hundred Dollars ($500.00) per cause of action;

sponse to the motion on January 7, 2008. In it, he argued that no statute of limitations defense was listed in the defendants' pleadings, the limitations period should be tolled, the limitations defense was barred by the doctrine of laches, and his action was not frivolous and malicious. On February 4, 2008, the trial court granted Webb's motion for summary judgment and dismissed the cause with prejudice, holding that: 1) the defendants' pleadings did not raise a limitations defense; 2) the defense of limitations was set out in the Pretrial Order; 3) the Pretrial Order superseded the pleadings and governed the trial of the case;[5] and 4) the appellant brought his conversion action after the two year limitations period had run.

¶ 6 On February 5, 2008, the appellant discharged Russell and filed a notice of change of address which provided:

> I, Brian Lee Wilson, the plaintiff herein do hereby advise the Clerk of the District Court of Stephens County, of the change in my mailing address. ALL future notices, rulings or pleadings shall be mailed to me at the below address.
> Brian Lee Wilson
> Federal Transfer Center 7–F
> P.O. Box 898801
> Oklahoma City, OK 73189

Russell did not draft or sign any pleadings filed in this matter after that date. On February 11, 2008, the appellant, acting without any association with his counsel, filed a motion to reconsider and vacate the grant of summary judgment. On February 13, 2008, Webb filed a motion to assess attorney fees and costs. The trial court granted Webb's motion for attorney fees and costs on April 22, 2008. The trial court construed the appellant's motion to reconsider as a motion for

new trial,[6] and denied the motion on April 30, 2008.

¶ 7 The appellant filed his petition in error on May 20, 2008, and we assigned the cause to the Court of Civil Appeals on August 21, 2008. The Court of Civil Appeals issued its opinion affirming the trial court on October 16, 2008. Its sole finding was that "(t)here is nothing in the record to document Wilson had taken any action to discharge Russell," and as such, the appellant's motion for new trial, filed without Russell's signature, was "utterly ineffective" according to the teaching of *Watson v. Gibson Capital, L.L.C.*, 2008 OK 56, 187 P.3d 735.[7] As the dual representation argument had not been made by either defendant, the Court of Civil Appeals raised the issue *sua sponte.*

¶ 8 On November 18, 2008, the appellant petitioned the Court of Civil Appeals for rehearing and attached to his petition an affidavit signed by Russell averring that he was dismissed by the appellant on February 4, 2008. The appellant also attached to his petition:

1) A February 5, 2008, letter from Russell acknowledging his termination.

2) The docket sheet that denotes the change of address notice filed on February 5, 2008.

3) A notarized affidavit from the appellant's mother averring that she hand delivered the letter of dismissal to Russell on January 31, 2008, and hand delivered the notice of change of address to the Stephens County Clerk and all counsel of record on February 1.

4) A January 29, 2008, letter of termination from the appellant to Russell, effective February 1, 2008.

---

**5.** Rule 5(I), Rules for the District Courts of Okla., 12 O.S.2001, Ch. 2, App., provides in pertinent part:

> The contents of the pretrial order shall supersede the pleadings and govern the trial of the case unless departure therefrom is permitted by the Court to prevent manifest injustice. . . .

**6.** The meaning and effect of an instrument filed in court depends on its contents and substance rather than on the form or title given it by the author. *Whitehorse v. Johnson,* 2007 OK 11, ¶ 8

fn. 13, 156 P.3d 41; *Neumann v. Arrowsmith,* 2007 OK 10, ¶ 8, 164 P.3d 116.

**7.** *Watson v. Gibson Capital, L.L.C.,* 2008 OK 56, ¶ 9, 187 P.3d 735, provides in pertinent part:

> A client-filed paper, to be effective, must either bear the lawyer's signature or be preceded by the filing in the case of a document that discharges the lawyer and gives him (or her) notice of the employment's termination . . . (Otherwise the paper is) facially flawed and hence utterly ineffective.

5) A January 29, 2008, letter notifying opposing counsel of the appellant's termination of his counsel, effective February 1, 2008.

The Court of Civil Appeals denied rehearing on December 5, 2008. The appellant then filed his petition for certiorari on December 18, 2008. We granted certiorari on February 24, 2009.

¶ 9 *Watson v. Gibson Capital, L.L.C.*, provides at ¶ 8:

The client who wants to take over a lawsuit from the lawyer must first (a) discharge the counsel of record by a document on file in court and then (b) proceed independently (*pro se*) as an unrepresented party. But while the lawyer continues to hold the status as counsel of record, it is the lawyer alone who holds the position of *magister litis*—the master of the client's litigation.[8]

The Oklahoma Pleading Code, 12 O.S.2001 §§ 2001 *et seq.* was adopted in 1984 to replace form pleading requirements.[9] The general philosophy of the Pleading Code is that pleadings should give fair notice of the claim and be subject to liberal amendment, should be liberally construed so as to do substantial justice, and that decisions should be made on the merits rather than on technical niceties.[10] The Pleading Code rejects the approach that pleading is a game of skill in which one misstep is decisive to the outcome, but instead accepts the principle that the purpose of pleading is to facilitate a proper decision on the merits.[11]

¶ 10 There is no question that the appellant discharged Russell before filing his motion for new trial, and neither defendant argued that he lacked notice of the appellant's dismissal of Russell. *Watson* requires that a litigant file a document evidencing the discharge of counsel. Because it found that there was "nothing in the record" to evince the dismissal when it raised the dual representation issue *sua sponte*, the Court of Civil Appeals apparently did not consider whether the appellant's notice of change of address met this requirement. We hold that, in this cause, the notice of change of address met the *Watson* requirement of a document of record evidencing the discharge of counsel. As such, we hold that the appellant's motion for new trial and other post-judgment pleadings are not rendered "utterly ineffective" because they were filed without Russell's signature.[12]

---

**8.** *See In re Wallace Revocable Trust*, 2009 OK 16, ¶ 27, 204 P.3d 80 (litigant not entitled to hybrid representation).

**9.** Okl.Sess.L.1984, Ch. 164, §§ 1 *et seq.*, eff. Nov. 1, 1984.

**10.** *Pan v. Bane*, 2006 OK 57, ¶ 8, 141 P.3d 555; *Watford v. West*, 2003 OK 84, ¶ 10, 78 P.3d 946; *Niemeyer v. United States Fidelity & Guar. Co.*, 1990 OK 32, ¶ 5, 789 P.2d 1318. Title 12 O.S. 2001 § 2008(F) provides: "All pleadings shall be so construed as to do substantial justice."

**11.** *Pan v. Bane*, see note 10, supra; *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962).

**12.** The dissent would have us either overrule *Watson v. Gibson Capital, L.L.C.*, see note 7, supra, or affirm the trial court, rather than consider any of the materials attached to the appellant's petition for rehearing in the Court of Civil Appeals. We hold that the appellant's notice of change of address satisfies the *Watson* requirement of a document discharging counsel that is filed of record. The notice was filed in district court before the appellant's motion for new trial. Because the document substantially complies with the *Watson* requirement, there is no need to revisit or overrule *Watson*. We reference the affidavits establishing Wilson's discharge of his counsel (including the attorney's own affidavit) because the dual representation argument was not raised by either defendant, but was instead raised *sua sponte* by the Court of Civil Appeals as the sole basis for its decision. The rationale behind *Watson* is that if a represented party decides to discharge his counsel and proceed *pro se*, the court and other parties to the action must be notified. By attaching the affidavits to his petition for rehearing, the appellant attempted to show that neither the trial court nor the defendants claimed to lack notice that he had discharged his counsel. The dissent would content itself with the defeat of the appellant's claim on procedural grounds not raised by either defendant and further, would prevent him from answering the dual representation issue because it was raised, for the first time, *sua sponte* on appeal. In essence, the appellant's claim would fail on appeal because he did not address the dual representation issue at trial, but he could not offer a response on appeal because the issue was not raised at trial. To subject him to such a Catch–22 would be to disregard the basic principle that notice pleading is a means to facilitate a decision on the merits of a claim. See notes 10–11, supra.

¶ 11 Because it dismissed the matter on the dual representation issue, the Court of Civil Appeals declined to review the issues presented to it in this appeal. We have not reviewed the issues raised in the appellant's appeal, and so we remand to the Court of Civil Appeals with instructions to review those issues.[13] With respect to the issues raised by the appellant in his appeal, we express no opinion and leave them for the Court of Civil Appeals.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; CAUSE REMANDED TO THE COURT OF CIVIL APPEALS WITH INSTRUCTIONS.**

EDMONDSON, C.J., TAYLOR, V.C.J., OPALA, KAUGER, WINCHESTER, COLBERT, and REIF, J.J., concur.

HARGRAVE, and WATT, J.J., dissent.

WATT, J. dissenting by reason of stare decisis:[1]

¶ 1 The majority reaches its result by relying on materials attached to the petition for rehearing filed in the Court of Civil Appeals. Neither this Court nor the Court of Civil Appeals may consider as part of an appellate record any instrument or material which has not been incorporated into the assembled record by a certificate of the court clerk.[2] Therefore, I cannot concur in the majority opinion.

¶ 2 Rather than consider extraneous materials, I would overrule *Watson v. Gibson Capital, L.L.C.*, 2008 OK 56, 187 P.3d 735 holding that a client-filed paper, to be effective, must either bear the lawyer's signature or be preceded by the filing in the case of a document that discharges the lawyer. Because the majority has not done so, I dissent in deference to *stare decisis*.

2009 OK CR 29

**K.M.C., Appellant**

v.

---

13. If Court of Civil Appeals does not decide all properly preserved and briefed issues, Supreme Court may, if it vacates opinion, address undecided matters or remand to the Court of Civil Appeals. *See Lerma v. Wal–Mart Stores, Inc.*, 2006 OK 84, ¶ 5 fn. 2, 148 P.3d 880; *Hough v. Leonard*, 1993 OK 112, ¶ 1, 867 P.2d 438.

1. See vote in *Ashland Oil, Inc. v. Corporation Comm'n*, 1979 OK 17, 595 P.2d 423.

2. *Dubuc v. Sirmons*, 2001 OK 57, fn. 18, 93 P.3d 780.