OSCN Found Document:STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION v. LOWERY

 

 
 STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION v. LOWERY2026 OK 50Case Number: SCBD-8075Decided: 06/24/2026SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 50, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MARGARET JEAN LOWERY, Respondent.

BAR DISCIPLINARY PROCEEDING 

¶0 Complainant, State of Oklahoma ex rel. Oklahoma Bar Association, initiated this disciplinary proceeding pursuant to Rule 7.7 of the Rules Governing Disciplinary Proceedings, after the Illinois Supreme Court disbarred Respondent. Upon review of the record and consideration of Respondent's objection and aggravating circumstances, we disbar Respondent from the practice of law.

RESPONDENT DISBARRED. 

Gina Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Ronald D. Wilkinson, Tulsa, Oklahoma, and Margaret Lowery, THE LOWERY LAW FIRM, Tulsa, Oklahoma for Respondent.

 

OPINION

ROWE, C.J.:

BACKGROUND 

¶1 Respondent Margaret Jean Lowery was licensed to practice law in Oklahoma in 1987. In January 2023, Respondent was disciplined by the Illinois Supreme Court for making false statements about a judge and for knowingly making false statements during her disciplinary proceeding. The Illinois Supreme Court found Respondent violated 8.1(a), 8.2(a), and 8.4(c), Illinois Rules of Professional Conduct and suspended her for thirty (30) days. In the Matter of Margaret Jean Lowery, M.R. 031506, 2023.

¶2 Complainant, State of Oklahoma ex rel. Oklahoma Bar Association, initiated disciplinary proceedings pursuant to Rule 7.7, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S.2011 ch. 1, app. 1-A, concerning the imposition of reciprocal discipline for professional misconduct that occurred in Illinois. We found Respondent violated Rules 8.1(a), 8.2(a), 8.4(a), and 8.4(c), Oklahoma Rules of Professional Conduct ("ORPC") 5 O.S.2011, ch. 1, app. 3-A, and Rule 1.3, RGDP and suspended Respondent for thirty (30) days. State of Okla. ex rel. Okla. Bar Ass'n v. Lowery, 2023 OK 54531 P.3d 99

¶3 Shortly after the Illinois Supreme Court disciplined Respondent, the Administrator of the Illinois Attorney Registration and Disciplinary Commission ("ARDC") filed a petition for order and judgment of costs relating to Respondent's disciplinary matter. Respondent filed an objection and sought relief from the Illinois Supreme Court, including a stay of proceedings and reopening of her disciplinary matter. In her objection, Respondent stated "Judge Gleeson specifically threatened [Respondent] with the following statement, 'I will see to it that you are homeless and living under a bridge.'"

¶4 Before the ARDC Inquiry Board

¶5 Respondent also testified to making a post on her X account about the ARDC and the Illinois Supreme Court harassing female attorneys "until they leave the profession or commit suicide." 

¶6 On February 14, 2024, the ARDC filed a six-count First Amended Complaint alleging Respondent violated the Illinois Rules of Professional Conduct. Representing herself, Respondent filed an answer and numerous motions, including multiple motions to continue the hearing scheduled for May 2 and May 3, 2024, due to alleged medical reasons, 

¶7 The Hearing Board found by clear and convincing evidence that Respondent violated Rules 3.3(a)(1), 

¶8 Respondent appealed to the Review Board, arguing the case should be dismissed or remanded because (1) the Illinois Supreme Court and the ARDC did not have jurisdiction over Respondent; (2) the Chairman of the Hearing Board Panel abused his discretion by denying certain motions; (3) Respondent was locked out of the disciplinary hearing; (4) the Hearing Board erred by finding that Respondent engaged in misconduct; (5) the Hearing Board violated the Americans with Disabilities Act ("ADA") and due process; (6) the Hearing Board's ruling was based on gender bias; and (7) the ARDC engaged in selective prosecution.

¶9 The Review Board rejected Respondent's arguments and affirmed the Hearing Board's evidentiary rulings, findings of fact, and findings of misconduct. The Review Board agreed with the Hearing Board's recommendation that Respondent be disbarred.

¶10 Respondent petitioned the Illinois Supreme Court for leave to file exceptions to the Review Board's Report and Recommendation. On January 15, 2026, the Illinois Supreme Court denied Respondent's petition and disbarred Respondent from the practice of law in the State of Illinois.

¶11 In compliance with Rule 7.7(a), RGDP, 

¶12 On February 18, 2026, we requested that Respondent show cause in writing as to why a final order of discipline should not be imposed. Rule 7.7(b), RGDP. We also provided Respondent with an opportunity to submit a brief or any evidence tending to explain her conduct and/or mitigate the severity of discipline. 

¶13 Respondent filed several motions prior to the show cause due date, including a "Motion for Continuance of March 11, 2026 Show Cause Date," "Motion for ADA Accommodation and Notice of Federal Judicial Finding of Disability," "Motion for Judgment on the Pleadings and Supplement to Continue with Request for Hearing Preface Regarding ADA Access and Filing Limitations," "Motion for Leave to File Original Only and For Reasonable Accommodation," "Motion for Waiver of Fifteen Copy Rules," and "Motion for Hearing." Respondent's requests for reasonable accommodation under the Americans with Disabilities Act largely concerned Respondent's inability to comply with the format, number of copies to be filed, and method in which documents are filed with the Court.

¶14 We denied her request for continuance and her request for ADA accommodation, noting that her counsel of record is responsible for all advocacy in this case, citing Watson v. Gibson Capital, 2008 OK 56187 P.3d 735magister litis--the master of the client's litigation." Watson, ¶ 8, 187 P.3d at 738 (emphasis in original). Notably, Respondent has filed, herself, over 20 motions in this case, demonstrating her ability to comply with the rules. Nonetheless, we directed Respondent to make any further requests for reasonable accommodation under the ADA via a URL link. 

¶15 In response to our Show Cause Order, Respondent filed an "Objection to Enforcement of Void Order or Rule 7.7 Registration of Invalid Order," on March 11, 2026. She argues the Illinois Supreme Court Order disbarring Respondent from the practice of law is void for (1) lack of jurisdiction; (2) lack of due process; (3) lack of sufficient evidence; and (4) fraud on the tribunal and corrupt record. Relying on Selling v. Radford, 243 U.S. 46 (1917), Respondent contends we must conduct a review of the record and the Illinois Supreme Court's Order before imposing discipline.

¶16 Complainant filed a response on April 20, 2026, arguing that Respondent's allegations are "misleading, not supported by the record, and have been fully addressed throughout the Illinois attorney discipline proceedings." prima facie evidence that Respondent committed the acts therein and this matter should proceed.

STANDARD OF REVIEW

¶17 This Court has the responsibility to regulate the practice of law and the licensure, ethics, and discipline of legal practitioners in this State. State ex rel. Okla. Bar Ass'n v. Wintory, 2015 OK 25350 P.3d 131State ex rel. Okla. Bar Ass'n v. Bellamy, 2012 OK 20273 P.3d 56State ex rel. Okla. Bar Ass'n v. Mansfield, 2015 OK 22350 P.3d 108de novo. State ex rel. Okla. Bar Ass'n v. Cooley, 2013 OK 42304 P.3d 453

DISCUSSION

¶18 Pursuant to Rule 7.7(b), RGDP, evidence may only be submitted to support a claim that the discipline imposed by the other jurisdiction was "not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma." The purpose of an evidentiary hearing in a reciprocal disciplinary proceeding is not to relitigate the facts resulting in the imposition of discipline, but only to review whether the evidence does not support the discipline. State ex rel. Okla. Bar Ass'n v. Auer, 2016 OK 75376 P.3d 243

Respondent's Misconduct

¶19 The Illinois Supreme Court found Respondent violated Rules 3.3(a)(1), 8.2(a), and 8.4(c) of the Illinois Rules of Professional Conduct. Based upon the prima facie evidence contained in the Hearing Board Report and Recommendation, the Review Board Report and Recommendation, and the Illinois Supreme Court Order, we find Respondent's professional misconduct is violative of Rules 3.3(a)(1), 8.2(a), 8.4(a), 8.4(c), ORPC and Rule 1.3, RGDP.

¶20 Rule 3.3(a)(1) provides: "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Rule 3.3(a)(1), ORPC. Rule 8.2(a) provides: "[a] lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office." Rule 8.2(a), ORPC. Rule 8.4(c) provides: "[i]t is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Rule 8.4(c), ORPC.

¶21 According to the record, the Hearing Board and Review Board found that Respondent made a false statement in a pleading filed with the Court, in which she knowingly or recklessly impugned the qualification or integrity of an Illinois judge. Specifically, Respondent stated: "Judge Gleeson specifically threatened Lowery with the following statement, 'I will see to it that you are homeless and living under a bridge.'"

¶22 The Hearing Board and Review Board also found that Respondent made various social media posts that included false statements which impugned the integrity of the Illinois Supreme Court and impugned the qualifications or integrity of a retired Illinois Supreme Court Chief Justice and Judge Gleeson. Specifically, the record demonstrates Respondent posted the following statements on her X account:

"[T]he ARDC & the Illinois Supreme Court has a history of permitting harassment of women until they commit suicide or leave the bar[.]"

"Effective today, the ILLINOIS SUPREME COURT ruled no attorney in the State of Illinois has ANY FIRST AMENDMENT RIGHTS. If an attorney expresses ANY opinion about a judge, it will subject the attorney to immediate discipline." (Emphasis in original). 

"Wow the Illinois Supreme Court has a hit list of attorneys they want to target because they are outspoken whistleblowers? They target their political opponents? Is this true? . . ." 

"Now the Illinois Supreme Court is following attorneys to the Holocaust Museum in Missouri to spy on them. What possible 'confidential investigation' can there be for an attorney to attend an event at the Holocaust Museum? Oh no that's not the point, the point is to let everyone know the government spies on Jews? This is the behavior of the third Reich or Nazi's and the purpose is to make people afraid to associate with you. The purpose is to isolate an individual same as what the SS & Hitler did." 

"Chief Justice Anne Burke . . . . HATES JEWS. While smiling to me and nodding, behind those kind eyes lied [sic] seething JEW HATE. Then she smirked and laid her plan to destroy my career." (Emphasis in original). 

"Isn't it ironic that the new SCC [St. Clair County] associate judge signed off on the majority of Chief Judge Andrew Gleeson's DIVORCE and in return gets appointed to a new judgeship? I wonder what the paid rate of exchange was for services rendered in that divorce. All above board I'm sure." (Emphasis in original). 

The Hearing Board and Review Board found that Respondent knowingly or recklessly made false statements that impugned the qualifications or integrity of Judge Gleeson, retired Chief Justice Burke, and the Illinois Supreme Court. The Hearing Board and Review Board also found Respondent's false statements involved dishonesty or misrepresentation.

¶23 We find Respondent recklessly made false statements about a judge, a retired Chief Justice, and the Illinois Supreme Court in social media posts that had the potential to tarnish the legal system's reputation and undermine the public's confidence in the administration of justice, in violation of Rules 8.2(a) and 8.4(c), ORPC.

¶24 Lastly, we find that Respondent's conduct also implicates Rule 8.4(a), ORPC and Rule 1.3, RGDP. Rule 8.4(a) prohibits a lawyer from violating or attempting to violate the Rules of Professional Conduct. 

Respondent's Response to Our Show Cause Order

¶25 Respondent argues that the Illinois Supreme Court's disbarment order is void for lack of jurisdiction, due process, insufficient evidence to show the X account belonged to Respondent, and fraud on the tribunal. Respondent argues this Court must answer the "predicate questions" required by Selling v. Radford, 243 U.S. 46 (1917) prior to the imposition of discipline.

¶26 In Selling, an attorney, who was a member of the Bar of the United States Supreme Court, was disbarred by the Supreme Court of Michigan for personal and professional misconduct. Following his disbarment in Michigan, a petition was filed seeking his disbarment from practice before the United States Supreme Court. The Supreme Court noted that a state court judgment will be recognized unless the state record demonstrates (1) the state proceedings failed to provide due process because there was inadequate notice or no meaningful opportunity to be heard; (2) insufficient evidence regarding lack of private or professional character; or (3) some other compelling reason existed, making reciprocal discipline inconsistent with principles of right and justice. Selling, 243 U.S. 46, 51.

¶27 Selling is not applicable here, as it applies to federal bar disbarment proceedings predicated on a state bar disbarment, not a state's disbarment proceeding predicated on another state's disbarment. Nonetheless, we find Respondent's arguments meritless.

Respondent's Jurisdictional Claims 

¶28 Respondent contends that the Illinois Supreme Court and ARDC lacked jurisdiction over her because she took retirement status in June 2023, making the order of disbarment void. Respondent raised this argument before the Review Board and Illinois Supreme Court, which was reviewed and rejected. Illinois Supreme Court Rule 756(j) provides:

No Effect on Disciplinary Proceedings. The provisions of this rule pertaining to registration status shall not bar, limit, or stay any disciplinary investigations or proceedings against an attorney except to the extent provided in Rule 756(a)(8) 

¶29 According to the Illinois Supreme Court Rules, the ARDC and Illinois Supreme Court retained jurisdiction over Respondent for purposes of this disciplinary matter. Respondent's claimed status as "retired" did not deprive the ARDC or Illinois Supreme Court of jurisdiction because she "retain[ed] an active license to practice law in [Oklahoma] . . ." 

Respondent's Due Process Claims

¶30 Respondent claims her requested ADA accommodations were "necessary to participate in the disciplinary proceedings"

¶31 The Review Board addressed Respondent's claims and found the Hearing Board did not violate the ADA by denying Respondent's numerous motions to continue or the motion to continue the May 1, 2024, hearing. Specifically, the Review Board found the Hearing Board's denial of her motions to continue was justified because the evidence failed to support her claim that her medical issues prevented her from preparing for and attending the hearing. 

¶32 As to the denial of the motion to continue May 1, 2024, the hearing, the record demonstrates that the Hearing Board delayed the hearing and afforded Respondent the opportunity to participate remotely. The Review Board found Respondent's claims to be baseless and determined Respondent was not "locked out" of the hearing and failed to take reasonable steps to participate.

¶33 Under our jurisprudence, compliance with due process requires that the Oklahoma Bar Association allege facts sufficient to put the attorney on notice of the charges and allow an opportunity to respond to the allegations. State ex rel. Oklahoma Bar Ass'n v. Boyd, 2025 OK 30571 P.3d 105

Respondent's Sufficiency of the Evidence Claim

¶34 Respondent argues that the Hearing Board lacked sufficient evidence to conclude Respondent engaged in the alleged misconduct. Specifically, Respondent contends the ARDC failed to prove she created and used the social media accounts to make the posts that concerned the allegations against her. The Hearing Board and Review Board, however, found that Respondent admitted to making the statements and subject posts. Accordingly, we reject Respondent's claims and find the record supports the findings of the Hearing Board, Review Board, and Illinois Supreme Court.

Respondent's Fraud on the Tribunal Claim

¶35 Respondent claims "no certified transcripts of the alleged disciplinary hearing exists in the record," 

¶36 Respondent's contention that the Illinois Supreme Court's Order of disbarment is void is rejected for the aforementioned reasons. We hold Respondent engaged in misconduct in violation of Rules 3.3(a)(1), 8.2(a), 8.4(a), and 8.4(c), ORPC and Rule 1.3, RGDP.

AGGRAVATING AND MITIGATING CIRCUMSTANCES

¶37 Our goals in bar disciplinary matters are to protect the interests of the public and preserve the integrity of the legal profession, not to punish attorneys. State ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31State ex rel. Okla. Bar Ass'n v. Stewart, 2003 OK 1371 P.3d 1

¶38 In mitigation, Respondent promptly notified Complainant of her disbarment in Illinois and filed a response to our Show Cause Order. However, her response to our Show Cause Order did not include mitigating evidence. Rather, Respondent urged this Court to not recognize the Illinois Supreme Court order of disbarment for lack of jurisdiction, lack of due process, fraud, and insufficient evidence.

¶39 The Hearing Board and Review Board found that there were several aggravating factors. The Hearing Board considered Respondent's numerous filings and noted that throughout the proceeding "Respondent has displayed shockingly unprofessional conduct, exemplified by the unprecedented scope and volume of baseless vitriol in her filings." 

¶40 Similar to the Illinois proceedings, Respondent has filed numerous pleadings with this Court, which include one sentence conclusory statements that lack any legal authority or factual support. 

¶41 Finally, we find aggravating Respondent's lack of remorse and refusal to accept responsibility for her actions. Respondent has continued to portray herself as the victim of the disciplinary system allegedly aligned against her, rather than acknowledging the seriousness of her own conduct. Her refusal to recognize the wrongful nature of her actions, despite being previously disciplined for similar misconduct, demonstrates an absence of rehabilitation and a significant likelihood of future misconduct similar to that before us now.

DISCIPLINE

¶42 "In a reciprocal disciplinary proceeding, it is within this [C]ourt's discretion to visit the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity." State ex rel. Okla. Bar Ass'n v. Hyde, 2017 OK 59397 P.3d 1286State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 5128 P.3d 551Id. Crafting the appropriate discipline requires consideration of the goals of discipline set in the context and accompanying complexities of each case. Id.

¶43 Our jurisprudence presents no case that duplicates the unique circumstances involved here beyond Respondent's previous disciplinary matter. Nonetheless, we can determine appropriate discipline from other cases that share similar rule violations. "This Court has imposed a wide range of discipline for misconduct involving lack of candor to a tribunal, misrepresentations, and presentation of false statements, ranging from no discipline to disbarment from the practice of law." State ex rel. Oklahoma Bar Ass'n v. Wintory, 2015 OK 25350 P.3d 131

¶44 In State ex rel. Okla. Bar Ass'n v. Akins, 1993 OK 78882 P.2d 1054not to present facts that she knows are false." Id., ¶ 19, 882 P.2d at 1057 (emphasis in original).

¶45 In State ex rel. Okla. Bar Ass'n v. Durbin, 2025 OK 77579 P.3d 653th Judicial District are acting like they wear white hoods;" and that the Tulsa County judiciary was corrupt. The attorney also, in a media livestream, stated that a judge destroyed court records and was a felon. ¶ 163, 579 P.3d at 703. We found his conduct violated Rules 8.2(a), 8.4(a), and 8.4(c), ORPC and disbarred him from the practice of law.

¶46 In light of the gravity and persistence of Respondent's misconduct, her previous disciplinary history involving similar misconduct, the voluminous filings containing conclusory assertions unsupported by legal or evidentiary support, and her failure to demonstrate remorse, accountability, or recognition of her wrongful conduct, disbarment is the only form of discipline that fulfills our obligation. We have an obligation to safeguard the interest of the public, the courts, and the legal profession, as well as to preserve public confidence in the bar. State ex rel. Oklahoma Bar Ass'n v. Moon, 2012 OK 77295 P.3d 1

¶47 Respondent was afforded an opportunity to provide this Court with explanatory and mitigating information demonstrating that the Illinois Supreme Court's imposed discipline did not correspond with her misconduct and should not be duplicated by this Court. Respondent presented many objections, but nothing within her response leads us to conclude that the Illinois Supreme Court's imposed discipline was unwarranted. Based upon Respondent's reckless false statements made before an Illinois tribunal and false statements posted which impugned the qualifications and integrity of Illinois Judge Gleeson, retired Chief Justice Anne Burke, and the Illinois Supreme Court, we find the Illinois Supreme Court's imposed discipline of disbarment was warranted and we impose the same.

CONCLUSION 

¶48 After considering evidence of Respondent's misconduct, the aggravating and mitigating circumstances, and similar discipline reflected in the case law, we find that disbarment is the appropriate discipline. Accordingly, Respondent is disbarred from the practice of law. Respondent's request for hearing and all pending motions are denied.

RESPONDENT DISBARRED. 

ALL JUSTICES CONCUR.

FOOTNOTES

Id. at 14-15.

Id. at 15

The Hearing Board stated it denied Respondent's motions to continue because many of the attached affidavits and medical records did not demonstrate extraordinary circumstances that would justify a continuance. Moreover, the Hearing Board found Respondent's continued representation of herself, and high level of activity contradicted her claimed inability to practice law and assertions that she was unable to prepare for and attend the hearing. The Hearing Board noted Respondent filed seven motions in the two weeks prior to the hearing, which cast doubt on Respondent's and her doctor's representations about the severity of her alleged health issues and her inability to practice law.

Notice of Disciplinary Action in Another Jurisdiction, Exhibit A "Report and Recommendation of the Hearing Board," at 3-7.

 

 A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

 

 A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

See Supreme Court Order, February 18, 2026, Case No. SCBD 8075.

See Oklahoma Supreme Court Order, February 26, 2026, Case No. SCBD 8075.

if the Court deems such hearing(s) necessary. Rule 7.7(d), RGDP. (Emphasis added).

Id. Exhibit B, at 10.

Id. Exhibit B, at 11.

Id. at 4.

Id.

Id.

Id. at 5.

Id.

Id.

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

(8) Permanent Retirement Status. An attorney may file a petition with the Court requesting that he or she be placed on permanent retirement status. All of the provisions of retirement status enumerated in Rule 756(a)(6) shall apply, except that an attorney who is granted permanent retirement status may not thereafter change his or her registration designation to active or inactive status, petition for reinstatement pursuant to Rule 767, or provide pro bono services as otherwise allowed pursuant to paragraph (k) of this rule.

(A)The petition for permanent retirement status must be accompanied by a consent from the Administrator, consenting to permanent retirement status. The Administrator may consent if no prohibitions listed in subparagraph (a)(8)(B) of this rule exist. If the petition is not accompanied by a consent from the Administrator, it shall be denied.

(B) An attorney shall not be permitted to assume permanent retirement status if:

1. there is a pending investigation or proceeding against the attorney in which clear

and convincing evidence has or would establish that:

a. the attorney converted funds or misappropriated funds or property of a client or third party in violation of a rule of the Illinois Rules of Professional Conduct;

b. the attorney engaged in criminal conduct that reflects adversely on the attorney's honesty in violation of Rule 8.4(b) of the Illinois Rules of Professional Conduct; or

c. the attorney's conduct resulted in an actual loss to a client or other person and the Court's rules or precedent would allow for a restitution order for that type of loss in a disciplinary case, reinstatement case, or Client Protection Program award, unless restitution has been made; or

2. the attorney retains an active license to practice law in any jurisdictions other than the State of Illinois.

Id.

Id.

 Exhibit A, at 28.

Id.

Id. at 29.

See SCBD 8075, Order March 12, 2026, and March 31, 2026.